**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

**SAYLOR, C.J., BAER, TODD, DONOHUE, DOUGHERTY, WECHT, MUNDY, JJ.**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 7 EAP 2018 |
| | : | |
| Appellee | : | Appeal from the Order of the Superior |
| | : | Court entered on August 30, 2017 at |
| | : | No. 2479 EDA 2015 reversing the |
| v. | : | Order entered on July 13, 2015 in the |
| | : | Court of Common Pleas, Philadelphia |
| | : | County, Criminal Division at No. CP- |
| MARC PERFETTO, | : | 51-CR-0013338-2014. |
| | : | |
| Appellant | : | ARGUED: December 6, 2018 |

**OPINION**

**JUSTICE BAER**                                                          **DECIDED: April 26, 2019**

In a published opinion, a splintered, *en banc* panel of the Superior Court concluded that Subsection 110(1)(ii) of Pennsylvania's compulsory joinder statute, 18 Pa.C.S. § 110(1)(ii), does not preclude the Philadelphia District Attorney (the "Commonwealth") from prosecuting Marc Perfetto ("Appellant") on pending misdemeanor criminal charges that arose from the same criminal episode that resulted in Appellant also being charged with a summary traffic offense, despite the fact that the Commonwealth already had prosecuted Appellant for that summary traffic offense. *Commonwealth v. Perfetto*, 169 A.3d 1114 (Pa. Super. 2017) (*en banc*). We granted allowance of appeal to assess the propriety of this conclusion. For the reasons discussed below, we hold that Subsection 110(1)(ii) of the compulsory joinder statute bars the Commonwealth from further prosecuting Appellant on his pending charges. Accordingly, we respectfully reverse the

Superior Court's judgment and reinstate the trial court's order, which granted Appellant's motion to dismiss his pending charges pursuant to 18 Pa.C.S. § 110(1)(ii).

## I. Background

### A. History of 18 Pa.C.S. § 110(1)(ii)

Before examining the facts of this case, recounting a brief history of Subsection 110(1)(ii) of the compulsory joinder statute will be helpful in understanding the issues presently before the Court. This Court first announced the compulsory joinder rule in *Commonwealth v. Campana*, 304 A.2d 432 (Pa. 1973), *vacated*, 414 U.S. 808 (1973), *on remand*, 314 A.2d 854 (Pa. 1974). In short, the *Campana* Court held that "the Double Jeopardy Clause requires a prosecutor to bring, in a single proceeding, all known charges against a defendant arising from a 'single criminal episode.'" *Campana*, 304 A.2d at 441 (footnote omitted).

The Legislature subsequently codified this rule in the Crimes Code at 18 Pa.C.S. § 110. Prior to 2002, Subsection 110(1)(ii) of the compulsory joinder statute barred the Commonwealth from prosecuting a defendant when: (1) a former prosecution resulted in an acquittal or conviction; (2) the current prosecution was based on the same criminal conduct or arose from the same criminal episode as the former prosecution; (3) the prosecutor was aware of all of the charges when the former prosecution commenced; and (4) all of the charges were within the jurisdiction of a single court. *See*, *e.g.*, *Commonwealth v. Bracalielly*, 658 A.2d 755, 760 (Pa. 1995) (citing 18 Pa.C.S. § 110). Regarding the fourth prong of this standard, this Court interpreted the phrase "within the jurisdiction of a single court" to mean that all of the charges relevant to the compulsory joinder analysis must have been capable of adjudication in one court. *See*, *e.g.*, *Commonwealth v. Geyer*, 687 A.2d 815, 817 (Pa. 1996) (explaining that the pre-2002

version of Subsection 110(1)(ii) did not bar a subsequent prosecution when a single court lacked jurisdiction to adjudicate all of the offenses at issue).

In 2002, the Legislature amended Subsection 110(1)(ii) by changing the fourth prong of the statute. Specifically, the Legislature removed the phrase "was within the jurisdiction of a single court" and replaced it with the phrase "occurred within the same judicial district as the former prosecution." Thus, the current version of Subsection 110(1)(ii) provides as follows:

> Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:
>
> (1) The former prosecution resulted in an acquittal or in a conviction as defined in section 109 of this title (relating to when prosecution barred by former prosecution for the same offense) and the subsequent prosecution is for:
>
> * * *
>
> (ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and **occurred within the same judicial district as the former prosecution** unless the court ordered a separate trial of the charge of such offense[.]

18 Pa.C.S. § 110 (emphasis added).

In *Commonwealth v. Fithian*, 961 A.2d 66 (Pa. 2008), this Court interpreted the phrase "occurred within the same judicial district as the former prosecution." In so doing, the Court first concluded that the Legislature intended "judicial district" to mean "the geographical area established by the General Assembly in which a court of common pleas is located." *Fithian*, 961 A.2d at 75 (footnote omitted). As to the entirety of this phrase, we ultimately held that, in amending Subsection 110(1)(ii) of the compulsory joinder statute, the Legislature "intended to preclude from the reach of the compulsory

joinder statute those current offenses that occurred wholly outside of the geographic boundaries of the judicial district in which the former prosecution was brought, even though part of a single criminal episode." *Id.* at 77. Consequently, under the present version of Subsection 110(1)(ii), a current prosecution is prohibited if: (1) the former prosecution resulted in an acquittal or conviction; (2) the current prosecution was based on the same criminal conduct or arose from the same criminal episode as the former prosecution; (3) the prosecutor was aware of all of the charges when the former prosecution commenced; and (4) all of the charges occurred within the same judicial district. Thus, Subsection 110(1)(ii) no longer speaks to whether all of the charges are "within the jurisdiction of a single court."

## B. Facts and Trial Court Proceedings

The factual background underlying this appeal is undisputed. On July 3, 2014, Appellant was operating a motor vehicle in the City and County of Philadelphia when a Philadelphia Police Officer stopped him. The officer issued Appellant a citation for the summary offense of driving without lights when required, 75 Pa.C.S. § 4302(a)(1). The officer also charged Appellant with three counts of driving under the influence ("DUI"), 75 Pa.C.S. § 3802(a)(1), (d)(1), and (d)(2).

On September 4, 2014, a hearing officer in the Philadelphia Municipal Court - Traffic Division ("Traffic Division") tried Appellant *in absentia* solely on the summary traffic offense, finding him guilty. As to Appellant's pending DUI charges, after a preliminary hearing that resulted in the charges being held over for trial, Appellant filed in the trial court a motion to dismiss and a supporting memorandum, invoking Subsection 110(1)(ii) of the compulsory joinder statute. Specifically, Appellant argued that, because he already had been convicted of the summary traffic offense, the compulsory joinder statute prohibited the Commonwealth from subsequently prosecuting him for the DUI charges,

as all four prongs of the current version of Subsection 110(1)(ii) were met: (1) Appellant's former prosecution on his summary offense resulted in a conviction; (2) the DUI prosecution arose from the same criminal episode as the summary offense prosecution - a single traffic stop; (3) the prosecutor was aware of all of the charges when the summary offense prosecution commenced; and (4) all of Appellant's charges occurred within the same judicial district - the First Judicial District, *i.e.*, Philadelphia.

On July 13, 2015, the trial court entertained oral argument on Appellant's motion to dismiss. Appellant's argument largely tracked the contentions that he presented in his memorandum supporting his motion to dismiss, as discussed above. The theme of the Commonwealth's argument was that the compulsory joinder statute was inapplicable in this case because the Commonwealth allegedly was required to try Appellant for his summary offense in the Traffic Division of the Philadelphia Municipal Court, which lacked jurisdiction to adjudicate Appellant's DUI charges. The trial court ultimately agreed with Appellant, granting his motion and dismissing the DUI charges.

The Commonwealth filed a notice of appeal, and the trial court subsequently authored an opinion in support of its decision. The court concluded that all of the elements of Subsection 110(1)(ii) of the compulsory joinder statute were met with respect to Appellant's DUI charges, requiring the court to dismiss Appellant's DUI charges. Regarding the Commonwealth's jurisdictional argument, the court explained that, prior to 2013, Philadelphia had a specially designated Traffic Court that "had no authority to hear misdemeanor cases, and bifurcation of summary and misdemeanor offenses was permissible." Trial Court Opinion, 11/6/2015, at 3-4 (citing, *inter alia*, *Commonwealth v. Masterson*, 418 A.2d 664, 666 (Pa. Super. 1980)). The court noted that, in 2013, the Legislature amended 42 Pa.C.S. § 1121, which resulted in the Philadelphia Traffic Court

merging into and becoming a division of the Philadelphia Municipal Court.[1]  According to the trial court, following this merger, conduct resulting in charges under both the Crimes Code and the Motor Vehicle Code are within the jurisdiction of the same court, *i.e.*, the Philadelphia Municipal Court.  *Id.* at 4.

## II.  Appeal to the Superior Court

A fractured, *en banc* panel of the Superior Court reversed the trial court's order in a published opinion.  *Perfetto*, *supra*.  The court's decision consisted of a five-judge majority, a two-judge concurrence, and a three-judge dissent.[2]  The issue before the Superior Court was "whether the trial court erred when it dismissed DUI charges pursuant to 18 Pa.C.S. § 110 based on the prior adjudication of [Appellant's] summary traffic offense."  *Perfetto*, 169 A.3d at 1117.  While the trial court resolved this issue with a relatively straightforward application of Subsection 110(1)(ii) of the compulsory joinder statute, the various opinions of the Superior Court, particularly the majority opinion, relied upon sections from the Judicial and Crimes Codes, as well as comments to the Rules of Criminal Procedure, which ultimately led the Superior Court to reverse the trial court's order.

Important to the issues presently before this Court, the majority initially recognized that the current version of Subsection 110(1)(ii) of the compulsory joinder statute does not require a court to consider whether all of the charges were within the jurisdiction of a single court; rather, courts now should determine whether the multiple offenses at issue

---

[1] The amendments to Section 1121 of the Judicial Code, which is entitled "Philadelphia Municipal Court," became effective on June 19, 2013.  The amended statute merged the Philadelphia Traffic Court into the Philadelphia Municipal Court by reorganizing the Municipal Court into two divisions:  General Division and Traffic Division.  42 Pa.C.S. § 1121(a).    Of further note, the Philadelphia Traffic Court was a constitutionally designated court; however, on April 26, 2016, the Pennsylvania Constitution was amended to eliminate finally the Philadelphia Traffic Court.

[2] One judge joined both the majority and concurring opinions.

occurred within the same judicial district. *Id.* at 1119-20. This observation notwithstanding, the majority subsequently asserted that "the jurisdiction of a court remains a consideration implicit to any compulsory joinder analysis, and it is particularly important in those judicial districts that, for various reasons, have distinct minor courts or magisterial district judges vested with exclusive jurisdiction over specific matters." *Id.* at 1121 (footnote omitted).

Having concluded that compulsory joinder analysis still requires jurisdictional considerations, the majority then engaged in a complex jurisdictional analysis of the Philadelphia Municipal Court, which, as noted *supra* at p.6 n.1, now consists of the General and Traffic Divisions. *Id.* at 1121-25. The majority reasoned that, when a Philadelphia defendant engages in conduct that results in a summary traffic charge and a misdemeanor or felony charge, the summary traffic offense must be prosecuted in the Traffic Division of the Philadelphia Municipal Court because, according to the majority, the Traffic Division has exclusive jurisdiction over summary traffic offenses. Thus, in the majority's view, the defendant's pending misdemeanor or felony charge can be prosecuted in a subsequent proceeding without running afoul of the compulsory joinder statute. Based upon this reasoning, the majority concluded that Appellant's summary traffic offense could be tried only in the Traffic Division of the Philadelphia Municipal Court, and therefore, Appellant's subsequent prosecution for his DUI charges is not subject to dismissal under 18 Pa.C.S. § 110(1)(ii).[3] Accordingly, the majority reversed the trial court's order granting Appellant's motion to dismiss.

---

[3] Regarding the jurisdiction of the Philadelphia Municipal Court, Sections 1121 and 1123 of the Judicial Code, 42 Pa.C.S. §§ 1121 & 1123, speak directly to that court's jurisdiction. Yet, the lynchpin of the Superior Court's jurisdictional analysis of the Municipal Court was Subsection 1302(a.1) of the Judicial Code, 42 Pa.C.S. § 1302(a.1), which is entitled "Traffic Court of Philadelphia." *See Perfetto*, 169 A.3d at 1125 (holding that, under the circumstances presented in this case, "Section 1302 carves out an exception to

Although the above-stated rationale adequately summarizes why the Superior Court majority granted the Commonwealth appellate relief, we highlight that the majority, in the course of its ruling, rejected the Commonwealth's argument regarding Subsection 112(1) of the Crimes Code, 18 Pa.C.S. § 112(1).

Subsection 112(1) provides as follows:

A prosecution is not a bar within the meaning of section 109 of this title (relating to when prosecution barred by former prosecution for same the offense) through section 111 of this title (relating to when prosecution barred by former prosecution in another jurisdiction) under any of the following circumstances:

(1) The former prosecution was before a court which lacked jurisdiction over the defendant or the offense.

18 Pa.C.S. § 112.

The Commonwealth argued to the Superior Court that, pursuant to Subsection 112(1), compulsory joinder of criminal charges is not required where an initial prosecution proceeded before a court that lacked jurisdiction over offenses to be tried in a subsequent prosecution, even if all of the charges stemmed from the same criminal episode. *Perfetto*, 169 A.3d at 1120. In other words, the Commonwealth took the position that, because the hearing officer in the Traffic Division of the Philadelphia Municipal Court who convicted Appellant of his summary traffic offense lacked jurisdiction to adjudicate Appellant's DUI charges, Subsection 112(1) permits the Commonwealth subsequently to prosecute Appellant's DUI charges.

---

compulsory joinder and directs that the summary traffic offense is within the exclusive jurisdiction of the traffic court").

Respectfully, to the extent that Subsection 1302(a.1) was at all relevant to this matter, we observe that this subsection has expired. *See* 42 Pa.C.S. § 1302(a.1)(2) (stating that Subsection 1302(a.1) shall expire at the later of "(i) the date of the ratification by the electorate of an amendment to the Constitution of Pennsylvania abolishing the Philadelphia Traffic Court; or (ii) January 1, 2018").

Without directly addressing the Commonwealth's argument, the Superior Court majority summarily set forth its extremely narrow view of Subsection 112(1), suggesting that the subsection applies only when a single offense is at issue. More specifically, relying on the Superior Court's previous decision in *Commonwealth v. Schmotzer*, 831 A.2d 689 (Pa. Super. 2003), the majority opined that Subsection 112(1) permits a subsequent prosecution of an offense in a court with jurisdiction over that offense if an initial prosecution of the same offense was dismissed because the first court lacked jurisdiction to adjudicate it. *Perfetto*, 169 A.3d at 1121. Here, in attempting to move forward with the prosecution of Appellant's DUI charges, the Commonwealth was not endeavoring to resurrect an offense that previously had been dismissed by a court for lack of jurisdiction. Accordingly, the majority concluded that Subsection 112(1) was inapplicable to this case.

The two-judge Superior Court concurrence also would have reversed the trial court's order; however, it would have done so by adopting the Commonwealth's argument regarding Subsection 112(1). Specifically, the concurrence would have held that, pursuant to the plain language of Subsection 112(1), the Commonwealth should be free to try Appellant's DUI charges in the General Division of the Municipal Court because the Traffic Division lacked jurisdiction to adjudicate the DUI offenses. *See Perfetto*, 169 A.3d at 1126 (Moulton, J., concurring) (holding that, "under the plain language of section 112(1), a subsequent prosecution is not barred where the court presiding over the 'former prosecution,' while it had jurisdiction over that matter, lacked jurisdiction over the 'offense' to be prosecuted in the subsequent prosecution"). Stated differently, because the hearing officer in the Traffic Division had jurisdiction to adjudicate Appellant's summary traffic offense but lacked jurisdiction over Appellant's DUI offenses, the concurrence would have concluded that, pursuant to Subsection 112(a), the prosecution of the summary traffic

offense in the Traffic Division did not bar the Commonwealth from subsequently prosecuting Appellant for the DUI offenses in the General Division of the Municipal Court.

Lastly, like the majority, the three-judge Superior Court dissent employed a jurisdictional analysis to determine whether Subsection 110(1)(ii) of the compulsory joinder statute bars the Commonwealth from prosecuting Appellant's DUI charges. *Id.* at 1127-31 (Dubow, J, dissenting). The dissent ultimately concluded that no jurisdictional bar precluded the Commonwealth from prosecuting all of Appellant's charges in one proceeding. In support of this position, the dissent relied upon Subsection 1121(b)(3) of the Judicial Code, which provides that the General Division of the Philadelphia Municipal Court "shall exercise full jurisdiction of the municipal court under section 1123(a)(relating to jurisdiction and venue)." *Id.* at 1129 (quoting 42 Pa.C.S. § 1121(b)(3)). In other words, in the dissent's view, the General Division of the Philadelphia Municipal Court has jurisdiction to adjudicate any charge that is properly before that court, including summary and misdemeanor offenses.

Thus, the dissent took the position that the Legislature "created a statutory scheme in which the General Division would hear those cases in which the Commonwealth charged a defendant with both summary and misdemeanor traffic offenses and the Traffic Division would hear those cases in which the Commonwealth only charged a defendant with a summary offense." *Id.* at 1129-30. Consequently, the dissent reasoned, because no jurisdictional issues prevented the Commonwealth from prosecuting all of Appellant's charges in one court and because all of the prongs of Subsection 110(1)(ii) of the compulsory joinder statute were met, the Commonwealth should be barred from further prosecuting Appellant for his DUI charges.

It is noteworthy that the dissent also concluded that Subsection 112(1) is inapplicable to this case. The dissent observed that Subsection 112(1) applies when the

former prosecution was before a "court" that lacked jurisdiction over the defendant or the offense. *Id.* at 1131. The dissent pointed out that the Traffic Division, which adjudicated Appellant's summary offense, is a division of the Philadelphia Municipal Court. The dissent concluded that the Philadelphia Municipal Court had jurisdiction to dispose of all of Appellant's charges, including the DUI offenses, as the Legislature granted that court jurisdiction over such matters, albeit in its General Division. *Id.*; *see* 42 Pa.C.S. § 1121(b)(3) (granting the General Division of the Municipal Court with jurisdiction over all matters properly before that court). For all of these reasons, the dissent would have affirmed the trial court's order.

### III. Appeal to this Court

### A. Petition for Allowance of Appeal

Appellant filed a petition for allowance of appeal, which we granted to consider the following questions, as phrased by Appellant:

> (1) Whether [the] Superior Court erred in determining that [the] Philadelphia Municipal Court - Traffic Division has sole jurisdiction over summary traffic offenses even when those charges are part of a single incident which also includes a misdemeanor and/or felony charges? Is this decision in conflict with 18 Pa.C.S. § 110, the 2002 amendment thereto removing jurisdiction as an element of the offense, its constitutional underpinnings, and decisions of this Court?

> (2) Where the lower [c]ourt dismissed the prosecution under 18 Pa.C.S. § 110 because all the prongs of the test for dismissal under that statute were met, did the trial [c]ourt properly dismiss the charges?

*Commonwealth v. Perfetto*, 182 A.3d 435 (Pa. 2018).

### B. Parties' Arguments

### i. Appellant's Principal Brief

Appellant's principal brief to this Court is primarily aimed at deconstructing and discrediting the Superior Court's majority opinion. Pertinently, Appellant takes the position that the Superior Court majority ignored this Court's decision in *Fithian*, *supra*,

and the plain language of the Subsection 110(1)(ii) of the compulsory joinder statute by erroneously inserting a jurisdictional element into the compulsory joinder analysis. In fact, Appellant argues, despite acknowledging that Subsection 110(1)(ii) clearly does not require a court to consider jurisdiction for purposes of a compulsory joinder analysis, the majority nonetheless concluded without explanation or support that "jurisdiction of a court remains a consideration implicit to any compulsory joinder analysis." Appellant's Brief at 12 (quoting *Perfetto*, 169 A.3d at 1121).

Appellant further asserts that, contrary to the Superior Court majority's conclusion, no statute confers exclusive jurisdiction over summary traffic offenses to the Traffic Division of the Philadelphia Municipal Court. In support of this position, Appellant relies upon 42 Pa.C.S. § 1121 (*i.e.*, the provision of the Judicial Code that expressly addresses the jurisdiction of the Municipal Court), which provides that the General Division of the Philadelphia Municipal Court has full jurisdiction of the municipal court, which would necessarily include summary traffic offenses. Appellant's Brief at 16 (quoting *Perfetto*, 169 A.2d at 1130 (Dubow, J., dissenting)).

Finally, Appellant argues that, contrary to the Superior Court's flawed analysis, the trial court employed the proper compulsory joinder test and correctly concluded that Appellant's DUI charges should be dismissed as violating the dictates of Subsection 110(1)(ii) of the compulsory joinder statute because all of the prongs of that statutory subsection were met. For all of these reasons, Appellant contends that this Court should reverse the Superior Court's judgment, which reversed the trial court's order granting Appellant's motion to dismiss his DUI charges on compulsory joinder grounds.[4]

### ii. Commonwealth's Brief

---

[4] In support of Appellant, the Defender Association of Philadelphia filed an *amicus curiae* brief, which reflects the same concerns that Appellant outlines in his briefs to this Court.

The Commonwealth's argument to this Court is two-fold. In its primary argument, the Commonwealth advocates that we should adopt the approach to this issue advanced by the Superior Court's concurring opinion. According to the Commonwealth, 18 Pa.C.S. § 112(1) limits the reach of the compulsory joinder statute by permitting a second prosecution - though the offense is based on the same conduct or arose from the same criminal episode and occurred in the same judicial district as an offense previously prosecuted - if the "former prosecution was before a court which lacked jurisdiction over the defendant or the offense[.]" Commonwealth's Brief at 7 (quoting 18 Pa.C.S. § 112(1)).

The Commonwealth suggests that the presiding "court" in Appellant's first prosecution was not the Municipal Court as a whole but, rather, the hearing officer of the Traffic Division who adjudicated the summary traffic offense, the only offense over which he had jurisdiction.[5] Commonwealth's Brief at 8. According to the Commonwealth, because the Traffic Division hearing officer did not have jurisdiction to adjudicate Appellant's DUI charges, the Commonwealth was permitted to prosecute Appellant's DUI charges in a subsequent proceeding pursuant to Subsection 112(1).[6]

In the alternative, the Commonwealth argues that, even if this Court disagrees with its interpretation of Subsection 112(1), the compulsory joinder statute nonetheless does not preclude the Commonwealth from prosecuting Appellant for DUI. In this regard, the

---

[5] In support of this proposition, the Commonwealth cites to and quotes the definitional provision, not of the Crimes Code, but of the Judicial Code, 42 Pa.C.S. § 102. Commonwealth's Brief at 8. This reliance is misplaced as Subsection 112(1) is part of the Crimes Code, which contains a wholly distinct definition of "Court." 18 Pa.C.S. § 103. Given the Commonwealth's inappropriate citation, we reject this argument.

[6] The Commonwealth asserts that Appellant's DUI charges will be tried by a jury. The Commonwealth further asserts, "Thus, even the judges of the General Division of the Municipal Court will not have jurisdiction to preside at the trial on those charges, and the case will have to be tried in the Court of Common Pleas." Commonwealth's Brief at 8-9. The Commonwealth offers no meaningful discussion as to how these assertions impact the resolution of the issues presently before the Court.

Commonwealth posits that this Court has repeatedly held that Subsection 110(1)(ii) of the compulsory joinder statute does not prohibit successive prosecutions if the first prosecution was for a summary offense and the later prosecution is for a more serious crime, despite the fact that both of the offenses stemmed from the same criminal episode. *See* Commonwealth's Brief at 12-18 (relying on *Commonwealth v. Beatty*, 455 A.2d 1194 (Pa. 1983), and its progeny, discussed in detail *infra*).

### iii. Appellant's Reply Brief

In reply to the Commonwealth, Appellant contends that Subsection 112(1) is inapplicable to this case. In this regard, Appellant highlights, *inter alia*, that Subsection 112(1) permits successive prosecutions when the first prosecution was before a "court" that lacked jurisdiction over the defendant or the offense. Here, Appellant observes, his initial prosecution was in the Traffic Division of the Philadelphia Municipal Court. Appellant argues that, while the Traffic Division may not have had jurisdiction to decide his DUI charges, the Municipal Court did have jurisdiction to adjudicate all of his charges in a single proceeding, albeit in the General Division of the same court.

Appellant also asserts that the Commonwealth is well aware that it has tried (and continues to try) many cases in one proceeding in the Philadelphia Municipal Court that included summary traffic offenses and higher graded offenses, even when the Commonwealth was required to prosecute summary traffic offenses in the abolished Philadelphia Traffic Court. Appellant's Reply Brief at 4-5. Lastly, regarding the Commonwealth's alternative argument that Subsection 110(1)(ii) of the compulsory joinder statute does not prohibit successive prosecutions if the first prosecution was for a summary offense and the later prosecution is for a more serious crime, Appellant suggests that this argument is meritless because the case law that established this

proposition has no applicability to the current, amended version of Subsection 110(1)(ii) of the compulsory joinder statute.

## C. Discussion

Given the complexities of the various opinions of the Superior Court coupled with the divergent arguments of the parties, we find it helpful to begin our analysis by examining the issue that the Commonwealth presented to the Superior Court. As that court stated, "The issue presented is whether the trial court erred when it dismissed DUI charges pursuant to 18 Pa.C.S. § 110 based on the prior adjudication of [Appellant's] summary traffic offense." *Perfetto*, 169 A.3d at 1117. Because the relevant facts of this case are undisputed, this issue presents a question of law. Consequently, our scope of review is plenary, and our standard of review is *de novo. Commonwealth v. Martinez*, 147 A.3d 517, 529 (Pa. 2016).

We further observe that, to the extent that the resolution of this appeal requires us to interpret Subsection 110(i)(ii) or any other statute, such a task is guided by the Statutory Construction Act, 1 Pa.C.S. §§ 1501-1991. Pursuant to the Statutory Construction Act, the object of all statutory construction is to ascertain and effectuate the General Assembly's intention. 1 Pa.C.S. § 1921(a). When the words of a statute are clear and free from ambiguity, the letter of the statute is not to be disregarded under the pretext of pursuing its spirit. 1 Pa.C.S. § 1921(b).

As this Court has previously concluded, Subsection 110(1)(ii) of the compulsory joinder statute clearly and unambiguously contains four primary elements, which, if met, preclude a prosecution due to a former prosecution for a different offense:

(1) the former prosecution must have resulted in an acquittal or conviction;

(2) the current prosecution is based upon the same criminal conduct or arose from the same criminal episode as the former prosecution;

(3) the prosecutor was aware of the instant charges before the commencement of the trial on the former charges; and

(4) the current offense occurred within the same judicial district as the former prosecution.

*Fithian*, 961 A.2d at 72.

Turning to the facts of this case, at this point in the proceedings it is undisputed that: (1) Appellant's former prosecution for the summary offense of "driving without lights when required" resulted in a conviction; (2) Appellant's current prosecution for DUI "arose during the same criminal episode, namely one traffic stop[,]" *Commonwealth v. Failor*, 770 A.2d 310, 313 (Pa. 2001); (3) the prosecutor was aware of Appellant's DUI charges before the commencement of Appellant's trial on his summary offense of "driving without lights when required;" and (4) Appellant's DUI offenses occurred within the same judicial district as the former prosecution, namely the First Judicial District, *i.e.*, Philadelphia. Thus, as the trial court held, a straightforward application of the plain language of Subsection 110(1)(ii) of the compulsory joinder statute to the circumstances presented in this appeal makes clear that the Commonwealth is precluded from prosecuting Appellant for his DUI charges. Moreover, the Commonwealth's current arguments do not warrant a contrary conclusion.

First, we are unpersuaded that Subsection 112(1) of the Crimes Code applies to the circumstances presented in this case. Pursuant to Subsection 112(1), a prosecution is not barred within the meaning of the compulsory joinder statute when the "former prosecution was before a court which lacked jurisdiction over the defendant or the offense." 18 Pa.C.S. § 112(1). The former prosecution in this case occurred in the Traffic Division. As Appellant and the Superior Court dissent point out, the Traffic Division is not a "court" unto itself; rather, it is a division of the Philadelphia Municipal Court. Therefore,

for purposes of this appeal, the question under Subsection 112(1) is whether the Philadelphia Municipal Court lacked jurisdiction over Appellant or the offense.[7]

As noted *supra*, Section 1121 of the Judicial Code speaks directly to the organization and jurisdiction of the Philadelphia Municipal Court; indeed, it is entitled "Philadelphia Municipal Court." 42 Pa.C.S. § 1121. Subsection 1121(b)(3) clearly and unambiguously states that the General Division shall exercise full jurisdiction of the Municipal Court under 42 Pa.C.S. § 1123(a) (relating to jurisdiction and venue). 42

---

[7] As noted *supra*, the Crimes Code defines "Court." Specifically, Section 103 of the Crimes Code defines "Court" as follows: "Includes (when exercising criminal or quasi-criminal jurisdiction pursuant to 42 Pa.C.S. § 1515 (relating to jurisdiction and venue)) a magisterial district judge." 18 Pa.C.S. § 103. The dissent utilizes this definition to conclude that, for the purpose of Subsection 112(1) of the Crimes Code, the Legislature intended a jurisdictional analysis to focus on the jurist rather than the tribunal, though the dissent seems to suggest that this interpretation will lead to "inconsistent usage of the term 'court' throughout the Crimes Code[.]" Dissenting Opinion at 2 n.2. In light of this reality, the dissent expresses its personal view that "relative to Section 110's protections, it is most sensible to focus on the jurisdiction of the particular jurist (or judge and jury) presiding over the adjudication of the offenses involved." *Id.*

Unlike the dissent, we discern no guidance from the Crimes Code's definition of "Court" for purposes of applying Subsection 112(1)'s exception to compulsory joinder when the "former prosecution was before a court which lacked jurisdiction over the defendant or the offense." 18 Pa.C.S. § 112(1). The Crimes Code's definition of "Court" seems geared solely at ensuring that the term includes "magisterial district judges," which is particularly unhelpful to any jurisdictional analysis of the Philadelphia court system given that it does not include magisterial district judges. Instead, we take the phrase "before a court which lacked jurisdiction" to mean precisely what it says, in conformity with the best known rule of statutory construction: "When the words of a statute are clear and free from ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S. § 1921(b).

We further observe that the position put forward by the Superior Court concurrence and adopted by the dissent would permit the Commonwealth to engage in a type of forum shopping by allowing the Commonwealth to pick and choose whether it wants to adjudicate all of a Philadelphia defendant's charges in one forum with jurisdiction over all of the defendant's charges, such as the General Division of the Municipal Court, or split the charges and adjudicate a summary offense first in the Traffic Division and the remainder of the charges later in another forum. We find this result to be untenable.

Pa.C.S. § 1121(b)(3). In other words, unlike the limited jurisdiction of the Traffic Division of the Philadelphia Municipal Court to consider only summary traffic offenses, *id.* § 1121(c)(3), the General Division has jurisdiction to adjudicate any matter that is properly before the Municipal Court. Thus, even if we were to credit the remainder of the Commonwealth's argument regarding Subsection 112(1), the reality is that Appellant's former prosecution for his summary offense was before a court (namely, the Philadelphia Municipal Court) that had jurisdiction to adjudicate all of Appellant's charges, albeit in the court's General Division.

We also find unpersuasive the Commonwealth's alternative argument regarding *Beatty*, *supra*, and its progeny. By way of background, Beatty was involved in an incident that led the Commonwealth to charge him with aggravated assault and a summary traffic offense. *Beatty*, 455 A.2d at 1196. While his aggravated assault charge was pending, Beatty pleaded guilty to the summary offense. He then filed in the trial court a motion to dismiss his aggravated assault charge based upon the pre-2002 compulsory joinder statute. *Id.* The trial court granted Beatty's motion. However, the Superior Court reversed the trial court's order, and this Court affirmed the Superior Court's judgment.

Relevant to the instant matter, this Court specifically invoked the now-defunct fourth prong of the compulsory joinder statute that utilized the phrase "was in the jurisdiction of a single court." *See id.* at 1198 ("We may not ignore the clause of that subsection which provides 'and was in the jurisdiction of a single court . . ..'"). We then observed that Beatty's summary traffic offense was a matter within the original jurisdiction of the district justice, *id.*; while the district justice lacked jurisdiction to adjudicate the aggravated assault charge. In other words, this Court concluded that Beatty's compulsory joinder claim failed on the currently obsolete fourth prong of the compulsory joinder test

because the aggravated assault charge and the summary offense were not within the jurisdiction of a single court.[8]

Although this conclusion was sufficient to dispose of Beatty's appeal, the Court nonetheless invoked policy considerations and opined, "Our interpretation of Section 110(1)(ii) as excluding traffic violations under the Motor Vehicle Code is further bolstered by a consideration of the purposes sought to be achieved by the legislative enactment as well as our promulgation of the compulsory joinder rule." *Id.* at 1198. In this regard, we stated that the disposition of summary traffic offenses prior to a trial for misdemeanor or felony charges does not present the type of governmental harassment of a defendant that would offend the double jeopardy concerns encapsulated in the compulsory joinder statute. We further stated that judicial economy is not served by requiring the Courts of Common Pleas to dispose of summary traffic offenses, which are regularly entrusted to the district justices for disposition. *Id.*

In 1996, however, this Court explained the rational employed in *Beatty*, placing it in proper context. Specifically, in *Geyer*, *supra*, this Court granted allowance of appeal to examine whether, pursuant to the compulsory joinder statute, a conviction for a summary offense bars a subsequent prosecution for a different summary offense arising from the same criminal episode. *Geyer*, 687 A.2d at 815. In answering this question in the affirmative, we observed that the Superior Court had misapplied *Beatty* and its progeny by concluding that Section 110, as a rule, does not apply to summary offenses. *Id.* at 817.

---

[8] In reaching this conclusion, we noted that the relevant jurisdictional statute seemed to grant concurrent jurisdiction "in such cases of the Court of Common Pleas." *Id.* at 1198 n.3. The Court, however, was unwilling to "construe the phrase 'and was in the jurisdiction of a single court' in such a manner as to ignore the traditional division of labor in our court system." *Id.* We further stated, "The traditional role of the Court of Common Pleas in the disposition of summary motor vehicle offenses is the role of the reviewing tribunal as opposed to the court of original jurisdiction." *Id.* (citing 42 Pa.C.S. § 932).

Our discussion of that conclusion began with a lengthy quote from *Beatty*, where this Court utilized the above-stated policy considerations to bolster its determination that Beatty's compulsory joinder claim failed on the now-defunct fourth prong of the compulsory joinder test because Beatty's initial prosecution "only" involved a summary offense. Immediately thereafter, the *Geyer* Court explained, "Although a cursory reading of *Beatty* may appear categorically to exclude traffic violations from Section 110 and the compulsory joinder rule, the premise underlying our analysis in *Beatty* was that the two offenses were not within the jurisdiction of a single court." *Id.*

Thus, this Court's decision in *Geyer* clearly cabined *Beatty* and its progeny by dispelling the notion that summary traffic offenses are not, as a rule, subject to the compulsory joinder statute and by tethering the *Beatty* Court's policy considerations to the then-applicable but now-obsolete fourth prong of the compulsory joinder test, which required a jurisdictional analysis. As discussed in detail *supra*, in 2002, the Legislature amended Subsection 110(1)(ii) of the compulsory joinder statute, eliminating the jurisdictional analysis from the statute and, thus, from contemporary compulsory joinder analysis. *Fithian*, *supra*. Accordingly, the policy considerations discussed in *Beatty* and invoked by the Commonwealth and the dissent in the matter *sub judice* simply do not apply to the current version of the compulsory joinder statute. For all of these reasons, we hold that 18 Pa.C.S. § 110(1)(ii) bars the Commonwealth from further prosecuting Appellant for DUI.

## IV. Conclusion

We certainly recognize that our holding today may present the Philadelphia District Attorney's Office with an administrative challenge; however, this Court's decision, as always, is guided by the law. Further, while it is tempting to resolve this matter by considering myriad of tangential statutes, rules, and policies, we conclude that a

straightforward application of the statutes that directly apply to this case, particularly 18 Pa.C.S. § 110(1)(ii), preclude the Commonwealth from prosecuting Appellant for his pending DUI charges. Indeed, such an approach embraces the proper exercise of judicial restraint and the separation of powers, allowing the Legislature to amend, in simple fashion, the relevant statutes to allow for the result sought by the Commonwealth, if the Legislature sees fit to codify the policy considerations forwarded by the Commonwealth and the dissent in this matter.

For all of these reasons, we respectfully reverse the Superior Court's judgment and reinstate the trial court's order.

Justices Todd, Donohue, Wecht and Mundy join the opinion.

Chief Justice Saylor files a dissenting opinion in which Justice Dougherty joins.