J-S23004-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| STEPHEN E. LAW | |
| Appellant | No. 1333 EDA 2016 |

Appeal from the Order Entered April 6, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): MC-51-CR-0005716-2011

BEFORE:  OLSON, SOLANO and MUSMANNO, JJ.

MEMORANDUM BY OLSON, J.:                    **FILED:  FEBRUARY 16, 2021**

Appellant, Stephen E. Law, appeals from the order entered on April 6, 2016, which denied his petition for a writ of *certiorari*.[1]  We affirm.

The trial court ably explained the underlying facts of this case:

> On February 9, 2011, at approximately 11:30 p.m., Officer [Confesor] Nieves and his partner, Officer Palmiero, were

---

[1] On September 15, 2017, we affirmed the trial court's order in an unpublished opinion. **Commonwealth v. Law**, 178 A.3d 158 (Pa. Super. 2017) (unpublished memorandum) at 1-8, *vacated by* 209 A.3d 911 (Pa. 2019).  However, on May 17, 2019, the Pennsylvania Supreme Court vacated our order and remanded the case "for proceedings consistent with [the Supreme Court's] decision in **Commonwealth v. Perfetto**," 207 A.3d 812 (Pa. 2019).  Further, on November 26, 2019, we entered an order, which placed this case on hold pending the *en banc* resolution of **Commonwealth v. Atkinson**, ___ A.3d ___, 1562 EDA 2016 (Pa. Super. 2021) (*en banc*), concerning the proper application of **Perfetto**.  Now that **Atkinson** has been decided, we can decide the current appeal.

patrolling in full uniform and marked vehicles in the 12th District [of Philadelphia]. Officer Nieves observed Appellant driving a Dodge Neon, leaning down in the driver seat and reaching over to the passenger seat of the vehicle while drifting into the adjacent right lane. [The] officers initiated a traffic stop and Appellant stopped on signal. The officers observed that Appellant's eyes were watery and bloodshot and that his movements were very quick.

When the officers returned to the patrol car to conduct their investigation, they observed Appellant continue to lean into the passenger seat. Based upon Appellant's actions and prior record, the officers suspected that he might be armed. The officers asked Appellant to step out of the car and observed him throw something into the dashboard. Officers patted Appellant down for weapons with negative results, and placed him in the back of the patrol car. Officers then searched a compartment in Appellant's dashboard and recovered a Marlboro cigarette package containing two and a half white pills, half a blue pill[,] and a small plastic bag containing a green leafy substance.

At some time during the investigation but before Appellant was handcuffed, Appellant stated that he smoked marijuana two days earlier and had taken Xanax hours earlier. Appellant was subsequently arrested on the scene.

. . .

[The Commonwealth] charged [Appellant] with [driving under the influence ("DUI"), possession of a controlled substance, and possession of a small amount of marijuana.[2]] Appellant was also charged with a summary traffic offense: careless driving pursuant to [75 Pa.C.S.A. § 6308(a)]. . . .

On April 13, 2011, Appellant [pleaded guilty to the summary traffic offense of careless driving in the

_____

[2] 75 Pa.C.S.A. § 3802 and 35 P.S. § 780-113(a)(16) and (31), respectively.

Philadelphia Traffic Court[3]]; the other charges were not adjudicated on that date. On October 19, 2015, Appellant moved to dismiss the three remaining misdemeanors . . . , arguing that the Commonwealth was barred from prosecuting him under the compulsory joinder provision of [18 Pa.C.S.A. § 110(1)(ii)] because he had been previously convicted of a traffic violation in the Traffic [Court. The trial court] denied Appellant's motion. . . .

On December 3, 2015, Appellant was found guilty[, in the Philadelphia Municipal Court,] of DUI, possession of a controlled substance, and possession of a small amount of marijuana and, on February 3, 2016[,] he was sentenced to three days to six months [in jail] and a concurrent period of [12 months of probation]. On April 6, 2016, [the Philadelphia Court of Common Pleas denied Appellant's petition for writ of *certiorari* and,] on April 26, 2016, Appellant[] filed a timely notice of appeal. . . .

Trial Court Opinion, 7/26/16, at 1-3 (citations and some capitalization omitted).

Appellant raises one claim on appeal:

Did not the lower court err in denying [Appellant's] motion to dismiss pursuant to [18 Pa.C.S.A. § 110(1)(ii)] where [Appellant] had previously been convicted of an offense which arose from the same criminal episode in the same judicial district as the offense in the instant case?

_____

[3] Effective June 19, 2013, the legislature amended 42 Pa.C.S.A. § 1121 and "merged the Philadelphia Traffic Court into the Philadelphia Municipal Court by reorganizing the Municipal Court into two divisions: General Division and Traffic Division." **Commonwealth v. Perfetto**, 207 A.3d 812, 816 n.1 (Pa. 2019). As the **Perfetto** Court noted, "the Philadelphia Traffic Court was a constitutionally designated court; however, on April 26, 2016, the Pennsylvania Constitution was amended to eliminate finally the Philadelphia Traffic Court." **Id.**

Appellant's Original Brief at 3.[4]

In interpreting 18 Pa.C.S.A. § 110, also known as the compulsory joinder statute, "our standard of review is *de novo,* and our scope of review is plenary." **Commonwealth v. Fithian**, 961 A.2d 66, 71 (Pa. 2008). Penal statutes are to be strictly construed. **See** 1 Pa.C.S.A. § 1928(b)(1). Further, we note that the following principles govern our interpretation of a statute:

> When construing provisions utilized by the General Assembly in a statute, our primary goal is to ascertain and effectuate the intention of the General Assembly. Every statute shall be construed, if possible, to give effect to all its provisions. However, when the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit. Words and phrases shall be construed according to the rules of grammar and according to their common and approved usage. In other words, if a term is clear and unambiguous, we are prohibited from assigning a meaning to that term that differs from its common everyday usage for the purpose of effectuating the legislature's intent. Additionally,

---

[4] Appellant's supplemental brief phrases this claim a little differently. Within Appellant's supplemental brief, Appellant declares:

> Does 18 Pa.C.S. § 112 allow the Commonwealth to prosecute [Appellant], even though dismissal is required by 18 Pa.C.S. § 110 and the Supreme Court's decision in **Commonwealth v. Perfetto**?

Appellant's Supplemental Brief at 3.

Appellant's supplemental claim is substantively identical to his original claim. We will address all of Appellant's issues in this memorandum.

> we must remain mindful that the General Assembly does not intend a result that is absurd, impossible of execution or unreasonable.
>
> It is axiomatic that the plain language of a statute is the best indication of the legislative intent that gave rise to the statute.
>
> Words and phrases shall be construed according to the rules of grammar and according to their common and approved usage; but technical words and phrases and such others as have acquired a peculiar and appropriate meaning or are defined in this part, shall be construed according to such peculiar and appropriate meaning or definition.

*Commonwealth v. Giordano*, 121 A.3d 998, 1003-1104 (Pa. Super. 2015) (citations, quotations, and corrections omitted).

"The compulsory joinder statute is a legislative mandate that a subsequent prosecution for a violation of a provision of a statute that is different from a former prosecution, or is based on different facts, will be barred in certain circumstances." *Id.*, *citing* 18 Pa.C.S.A. § 110. "The policies served by the statute are two-fold: to protect accused persons from governmental harassment of undergoing successive trials for offenses stemming from the same episode, and to promote judicial economy and finality by avoiding repetitious litigation." *Commonwealth v. George*, 38 A.3d 893, 896 (Pa. Super. 2012). "By requiring compulsory joinder of all charges arising from the same criminal episode, a defendant need only 'once run the gauntlet' and confront the awesome resources of the state." *Id.*, *quoting* *Commonwealth v. Hude*, 458 A.2d 177, 180 (Pa. 1983).

In pertinent part, section 110 states:

**§ 110. When prosecution barred by former prosecution for different offense**

Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:

(1) The former prosecution resulted in an acquittal or in a conviction as defined in section 109 of this title (relating to when prosecution barred by former prosecution for same offense) and the subsequent prosecution is for:

. . .

(ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and occurred within the same judicial district as the former prosecution unless the court ordered a separate trial of the charge of such offense[.]

18 Pa.C.S.A. § 110.

Section 110(1)(ii) "contains four requirements which, if met, preclude a subsequent prosecution due to a former prosecution for a different offense:"

(1) the former prosecution must have resulted in an acquittal or conviction;

(2) the current prosecution is based upon the same criminal conduct or arose from the same criminal episode as the former prosecution;

(3) the prosecutor was aware of the instant charges before the commencement of the trial on the former charges; and

(4) the current offense occurred within the same judicial district as the former prosecution.

*Fithian*, 961 A.2d at 71-72. "Each prong of this test must be met for compulsory joinder to apply." *Id.* at 72.

Also relevant to the case at bar is 18 Pa.C.S.A. § 112. Section 112, which is entitled "[f]ormer prosecution before court lacking jurisdiction or when fraudulently procured by the defendant," declares, in relevant part:

> A prosecution is not a bar within the meaning of section 109 of this title (relating to when prosecution barred by former prosecution for same the offense) through section 111 of this title (relating to when prosecution barred by former prosecution in another jurisdiction) under any of the following circumstances:
>
> (1) The former prosecution was before a court which lacked jurisdiction over the defendant or the offense.

18 Pa.C.S.A. § 112.

Our Supreme Court's recent opinion in *Perfetto* guides, but does not control, our resolution of this matter. In *Perfetto*, Marc Perfetto ("Perfetto") was driving his car in Philadelphia when he was arrested and charged with three counts of driving under the influence ("DUI") and cited for the summary offense of driving without lights when required.[5] In 2014, Perfetto was tried and found guilty, in the Philadelphia Municipal Court – Traffic Division ("Traffic Division"), on the summary traffic offense. When the Commonwealth attempted to prosecute Perfetto for the DUI charges,

_____

[5] 75 Pa.C.S.A. §§ 3802 and 4302(a)(1), respectively.

Perfetto filed a motion to dismiss. ***Perfetto***, 207 A.3d at 815. Perfetto argued:

> because he already had been convicted of the summary traffic offense, the compulsory joinder statute prohibited the Commonwealth from subsequently prosecuting him for the DUI charges, as all four prongs of . . . Section 110(1)(ii) were met: (1) [Perfetto's] former prosecution on his summary offense resulted in a conviction; (2) the DUI prosecution arose from the same criminal episode as the summary offense prosecution - a single traffic stop; (3) the prosecutor was aware of all of the charges when the summary offense prosecution commenced; and (4) all of [Perfetto's] charges occurred within the same judicial district - the First Judicial District, *i.e.*, Philadelphia.

***Id.*** at 815.

The trial court agreed with Perfetto and dismissed the DUI charges. After an *en banc* panel of this Court reversed the trial court's ruling, the Pennsylvania Supreme Court granted Perfetto's petition for allowance of appeal. The Supreme Court reversed this Court's *en banc* opinion and reinstated the trial court's order. In reversing this Court's opinion, the ***Perfetto*** Court agreed with the trial court's analysis and held that "straightforward application of the plain language of Subsection 110(1)(ii) of the compulsory joinder statute to the circumstances presented in this appeal makes clear that the Commonwealth is precluded from prosecuting Appellant for his DUI charges." ***Id.*** at 822.

Further, the Supreme Court held that Section 112(1) of the Crimes Code did not apply to the case. As the ***Perfetto*** Court explained:

- 8 -

Pursuant to Subsection 112(1), a prosecution is not barred within the meaning of the compulsory joinder statute when the "former prosecution was before a court which lacked jurisdiction over the defendant or the offense." 18 Pa.C.S. § 112(1). The former prosecution in this case occurred in the Traffic Division. . . . [T]he Traffic Division is not a "court" unto itself; rather, it is a division of the Philadelphia Municipal Court. Therefore, for purposes of this appeal, the question under Subsection 112(1) is whether the Philadelphia Municipal Court lacked jurisdiction over Appellant or the offense.

. . . Section 1121 of the Judicial Code speaks directly to the organization and jurisdiction of the Philadelphia Municipal Court; indeed, it is entitled "Philadelphia Municipal Court." 42 Pa.C.S. § 1121. Subsection 1121(b)(3) clearly and unambiguously states that the General Division shall exercise full jurisdiction of the Municipal Court under 42 Pa.C.S. § 1123(a) (relating to jurisdiction and venue). 42 Pa.C.S. § 1121(b)(3). In other words, unlike the limited jurisdiction of the Traffic Division of the Philadelphia Municipal Court to consider only summary traffic offenses, *id.* § 1121(c)(3), the General Division has jurisdiction to adjudicate any matter that is properly before the Municipal Court. Thus, . . . the reality is that [Perfetto's] former prosecution for his summary offense was before a court (namely, the Philadelphia Municipal Court) that had jurisdiction to adjudicate all of [Perfetto's] charges, albeit in the court's General Division.

*Id.* at 822-823 (footnote omitted).

Thus, the Supreme Court ruled, the compulsory joinder statute precluded the Commonwealth from prosecuting Perfetto for his DUI charges. *Id.* at 824.

Also important to the case at bar is our recent opinion in **Commonwealth v. Atkinson**, \_\_\_ A.3d \_\_\_, 1562 EDA 2016 (Pa. Super. 2021) (*en banc*). In **Atkinson**, an *en banc* panel of this Court interpreted and applied **Perfetto** to facts that are substantively identical to the one at

- 9 -

bar. Specifically, as is true in the case at bar, in **Atkinson**, the defendant, Daiychelle Atkinson ("Atkinson"), was convicted of her summary traffic offense at a time when the Traffic Court of Philadelphia was a separate court and possessed exclusive jurisdiction over the summary traffic offense. The **Atkinson** Court held that, since the Traffic Court of Philadelphia was a separate court and possessed exclusive jurisdiction over the summary traffic offense, neither **Perfetto** nor the compulsory joinder rule prohibited the Commonwealth from subsequently prosecuting Atkinson for the other charges that arose out of her single criminal episode.

In **Atkinson**, Atkinson was driving her vehicle in Philadelphia when she was arrested and charged with DUI and cited for the summary traffic offense of disregarding a traffic device. On March 13, 2013,[6] Atkinson was tried and convicted of the summary traffic offense in the Traffic Court of Philadelphia. When the Commonwealth then sought to prosecute Atkinson for the DUI charge in the Philadelphia Municipal Court, Atkinson filed a motion to dismiss. She argued that the compulsory joinder rule prohibited her DUI prosecution, as that charge arose out of the same criminal episode as her summary traffic conviction, the prosecutor knew of the offense at the time of her first trial, and the DUI charge occurred within the same judicial

---

[6] The legislature effectively abolished the Traffic Court of Philadelphia on June 19, 2013. This was after Atkinson's March 13, 2013 summary traffic conviction in that court.

district as the summary traffic conviction. The municipal court denied her motion to dismiss and, after the common pleas court affirmed the municipal court's ruling, Atkinson filed a notice of appeal to this Court. ***Atkinson***, ____ A.3d at ____, 1562 EDA 2016, at *2.

On appeal, we held that neither our Supreme Court's opinion in ***Perfetto*** nor the compulsory joinder rule prohibited Atkinson's subsequent prosecution for DUI. We reasoned:

> Here, there is no dispute that Atkinson's prosecution on the summary traffic offense resulted in a conviction, the prosecution on her misdemeanor charge would be based on the same criminal conduct or arose from the same criminal episode, the Commonwealth knew of the misdemeanor charge before the summary trial, and the misdemeanor charge arose in the same judicial district and at the same time as the traffic offense of which Atkinson has already been convicted. ***See*** 18 Pa.C.S. § 110(1)(ii). However, unlike ***Perfetto***, at the time Atkinson was prosecuted and found guilty of her summary offense, **neither the Traffic Division nor the General Division of the Municipal Court existed**. Rather, the Municipal Court and the Traffic Court of Philadelphia were separate entities. ***See*** Act 1997-2 (S.B. 178), P.L. 3, § 1, approved Feb. 14, 1997, eff. Jan. 5, 1998 (former section 1121 designating Philadelphia Municipal Court and former section 1321 designating Traffic Court of Philadelphia);[fn.5] ***see also Perfetto***, 207 A.3d at 816 n.1 ("The amended statute **merged** the Philadelphia Traffic Court into the Philadelphia Municipal Court by reorganizing the Municipal Court into two divisions: General Division and Traffic Division.") (emphasis added).
>
> > [fn.5] At the time Atkinson was adjudicated for her summary offense, the Municipal Court and Traffic Court of Philadelphia were designated as "Minor Courts" in this Commonwealth. The Philadelphia Municipal Court was its own entity . . . , while the Traffic Court of Philadelphia was its own entity under Subchapter B of

- 11 -

Chapter 13, Traffic Courts. The Municipal Court is now comprised of Civil, Criminal[,] and Traffic Divisions.

Thus, at the time Atkinson was tried on her summary offense, the Commonwealth could not have also adjudicated her on her DUI in Traffic Court, which had exclusive jurisdiction over Motor Vehicle Code violations. Similarly, the Commonwealth could not have tried Atkinson's summary traffic offense in Philadelphia Municipal Court (Criminal Trial Division). Therefore, the Commonwealth has not placed [Atkinson] in jeopardy of life or limb regarding her DUI offense, and the Philadelphia Municipal Court (Criminal Trial Division) may properly assert its separate, original jurisdiction over that charge under section 112(1). Accordingly, our holding in this case does not run afoul of the Supreme Court's holding in **Perfetto** or the compulsory joinder rule and the trial court properly denied Atkinson's motion to dismiss.

**Atkinson**, ___ A.3d at ___, 1562 EDA 2016, at **6-7 (some footnotes, quotations, and citations omitted) (emphasis in original).

As was true in **Atkinson** – and unlike in **Perfetto** – in the case at bar, Appellant pleaded guilty to his summary traffic offense in the Traffic Court of Philadelphia,[7] at a time when "neither the Traffic Division nor the General Division of the Municipal Court existed." **Id.** at *6 (emphasis omitted). The case at bar is thus controlled by our *en banc* opinion in **Atkinson**. We, therefore, paraphrase **Atkinson** and hold as to Appellant:

at the time [Appellant pleaded guilty to his] summary offense, the Commonwealth could not have also adjudicated

---

[7] As noted above, Appellant pleaded guilty to his summary traffic charge in the Traffic Court of Philadelphia on April 13, 2011. The legislature did not effectively abolish the Traffic Court of Philadelphia until June 19, 2013.

> [him] on [his other criminal charges] in Traffic Court, which
> had exclusive jurisdiction over Motor Vehicle violations.
> Similarly, the Commonwealth could not have tried
> [Appellant's] summary traffic offense in Philadelphia
> Municipal Court (Criminal Trial Division). Therefore, the
> Commonwealth has not placed [Appellant] in jeopardy of
> life or limb regarding [his other criminal offenses], and the
> Philadelphia Municipal Court (Criminal Trial Division) may
> properly assert its separate, original jurisdiction over that
> charge under section 112(1). Accordingly, our holding in
> this case does not run afoul of the Supreme Court's holding
> in **Perfetto** or the compulsory joinder rule and the trial
> court properly denied [Appellant's] motion to dismiss.

*See Atkinson*, ___ A.3d at ___, 1562 EDA 2016, at **6-7 (some footnotes, quotations, and citations omitted).

We therefore affirm the trial court's ruling in this case.

Order affirmed. Jurisdiction relinquished.

Judge Solano did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/16/21

- 13 -