[J-112-2020] [MO: Saylor, C.J.]

**IN THE SUPREME COURT OF PENNSYLVANIA
EASTERN DISTRICT**

COMMONWEALTH OF PENNSYLVANIA,     :   No. 23 EAP 2020

       : 

           Appellee      :   Appeal from the Judgment of

       :   Superior Court entered on October

       :   16, 2019 at No. 1233 EDA 2017

      v.         :   (reargument denied December 26,

       :   2019) affirming in part and reversing

       :   in part the order entered on April 3,

DEWITT JOHNSON,         :   2017 in the Court of Common Pleas,

       :   Philadelphia County, Criminal

           Appellant     :   Division at No. CP-51-CR-0008678-

       :   2015.

       : 

       :   ARGUED: December 2, 2020

### DISSENTING OPINION

**JUSTICE BAER**                                      **DECIDED: March 25, 2021**

As observed by the Majority, Appellant was charged with, *inter alia*, driving with a suspended license and possession with intent to deliver heroin ("PWID") for conduct that occurred during one criminal episode. He initially was found guilty solely of the summary traffic offense in the Traffic Division of the Municipal Court of Philadelphia. Subsequently, the Commonwealth sought to prosecute Appellant on the PWID charge in the court of common pleas. The trial court concluded that the Commonwealth was permitted to pursue this second prosecution, and the Superior Court agreed. In reversing the Superior Court's order, the Majority now holds that Section 112(1) of the Crimes Code, 18 Pa.C.S. § 112(1), quoted below, precludes the Commonwealth from prosecuting Appellant for the PWID charge. I respectfully dissent, as I conclude that the lower courts correctly determined that the Crimes Code allows the Commonwealth to prosecute Appellant for PWID in a proceeding separate from Appellant's summary traffic offense.

As noted above, the Commonwealth charged Appellant with, *inter alia*, a summary traffic offense and a felony PWID offense based on one criminal incident. Appellant was found guilty before the Traffic Division of the Municipal Court of Philadelphia of the summary traffic offense. Subsequently, the Commonwealth sought to prosecute Appellant on the PWID charge in the court of common pleas. Appellant filed a motion to dismiss, contending that pursuant to the compulsory joinder provisions in 18 Pa.C.S. § 110, the Commonwealth was required to try all of the offenses charged against him simultaneously.[1] The trial court denied Appellant's motion.

On interlocutory appeal before the Superior Court, Appellant maintained that his prosecution for PWID was barred under Section 110. The Commonwealth responded that even if Section 110 barred the PWID prosecution, that prosecution nonetheless was permissible pursuant to 18 Pa.C.S. § 112(1), which allows a subsequent prosecution to go forward, even if ostensibly barred by Section 110, if the "former prosecution was before a court which lacked jurisdiction over the defendant or the offense."[2] The Superior Court

_____

[1] Section 110 provides, *inter alia*, that a subsequent prosecution is prohibited when:

> (1) The former prosecution resulted in an acquittal or in a conviction . . . and the subsequent prosecution is for:

> * * *

> (ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and occurred within the same judicial district as the former prosecution unless the court ordered a separate trial of the charge of such offense . . . .

18 Pa.C.S. § 110(1)(ii).

[2] Section 112 provides, in relevant part:

> A prosecution is not a bar within the meaning of [Sections 109 through 111] under any of the following circumstances:

agreed with the Commonwealth, holding that for purposes of Section 112(1), "the offense" referred to Appellant's PWID charge. The court noted that the Traffic Division of the Municipal Court lacked jurisdiction to try the PWID charge, and thus, the traffic offense conviction "was before a court which lacked jurisdiction over . . . the [PWID] offense." 18 Pa.C.S. § 112(1). Accordingly, the Superior Court concluded that, pursuant to Section 112(1), the PWID prosecution could go forward.

We granted allowance of appeal to review the Superior Court's interpretation of Section 112(1). In performing this task, the Majority accurately opines that 18 Pa.C.S. § 110, if read in isolation, would bar prosecution of Appellant's PWID charge. The Majority also correctly notes that Section 112(1), which bars prosecution for an offense where the "former prosecution was before a court which lacked jurisdiction over the defendant or the offense," 18 Pa.C.S. § 112(1), is ambiguous because "the offense" can refer to the previously prosecuted offense or the offense sought to be tried in a later proceeding. However, based upon the historical development of the statute under consideration, the Majority ultimately holds that, in using the term "the offense" in Section 112(1), the Legislature was referring to the former offense - here, Appellant's traffic offense - and not to the offense that the Commonwealth subsequently seeks to prosecute - here, Appellant's PWID offense.

I respectfully disagree with the Majority's interpretation of "the offense." Although I recognize the Majority's analysis of the historical development of the relevant statute, in my view, resolving the ambiguity in Section 112(1) requires greater consideration of the

---

(1) The former prosecution was before a court which lacked jurisdiction over the defendant or the offense.

18 Pa.C.S. § 112(1).

consequences of our interpretation.[3] One of the consequences of the Majority's interpretation of Section 112(1) is that a defendant who is charged in Philadelphia with a summary traffic offense and a more serious crime that is punishable by at least five years of imprisonment can avoid prosecution for the more serious offense, even murder, if he or she is tried for the traffic offense first.[4] In my view, it is unreasonable to conclude that the Legislature intended to allow Section 112(1) to function as a means to nullify a charge of murder for a killing that occurred during a criminal episode in which the defendant also committed a summary traffic violation, and the traffic offense was resolved first. Indeed, it is difficult to believe that the General Assembly would countenance this outcome or the outcome of the Majority's reasoning, which admittedly concerns the less serious charge of PWID.

Another problematic result of adopting the Majority's position is that the Philadelphia Municipal Court will no longer be able to try summary traffic offenses and lighten the workload of the court of common pleas when defendants are charged with a traffic offense and a crime carrying a maximum sentence of at least five years of imprisonment arising from the same criminal episode. Viewing the ambiguous phrase, "the offense," as applying to the offense that the Commonwealth subsequently seeks to

---

[3] In ascertaining the intention of the General Assembly in the enactment of a statute, we may consider "the consequences of a particular interpretation." 1 Pa.C.S. § 1921(c)(6).

[4] The Philadelphia Municipal Court has limited subject matter jurisdiction and is barred from trying criminal cases that carry a possible term of imprisonment of more than five years. *See* 42 Pa.C.S. § 1123(a)(2) (granting subject matter jurisdiction to the Philadelphia Municipal Court over, *inter alia*, "Criminal offenses . . . for which no prison term may be imposed or which are punishable by imprisonment for a term of not more than five years"). Thus, under the Majority's reasoning, a murder charge, or any other charge for which a prison term of more than five years could be imposed, would be nullified if a summary traffic offense was part of the same criminal episode as the murder and the summary traffic offense was resolved first in a court lacking jurisdiction over the more serious charge.

prosecute, here, Appellant's PWID charge, better aligns with the statutorily-created division of labor in the Philadelphia court system.

Lastly, viewing "the offense" as referring to a subsequent offense sought to be prosecuted by the Commonwealth better comports with fundamental double jeopardy principles. *See* MPC 1.11 Explanatory Notes (noting that the compulsory joinder statutes at issue "involve different aspects of double jeopardy protection"). At their most basic, the federal and Pennsylvania Double Jeopardy Clauses prevent the government from imposing multiple prosecutions or punishments on a criminal defendant for a single offense. *See* U.S. CONST. amend. V; PA. CONST. art. 1, § 10; *see also Commonwealth v. Kareem Johnson*, 231 A.3d 807, 819 (Pa. 2020) (citations omitted). The Majority's position is difficult to reconcile with the Double Jeopardy Clauses' basic purpose of preventing multiple prosecutions or punishments for a single offense. Indeed, it is clear that Appellant has not been prosecuted or punished for his PWID charge, as he was only tried for the summary traffic offense, and that proceeding occurred before a court that lacked jurisdiction over the PWID charge. *See* 42 Pa.C.S. § 1123(a)(2).[5]

In light of the foregoing, I respectfully dissent.

Justices Dougherty and Mundy join this dissenting opinion.

---

[5] It is worth noting that the instant matter is distinct from *Commonwealth v. Perfetto*, 207 A.3d 812 (Pa. 2019). The Majority aptly recounts the importance of *Perfetto* in the proceedings of the lower courts in the instant matter. Here, it suffices to recount that the *Perfetto* defendant committed multiple criminal offenses in one criminal episode. Those individual offenses each carried a maximum term of imprisonment of five years or less. Accordingly, in *Perfetto*, each of the charges could have been tried in the Philadelphia Municipal Court. In contrast, in the instant matter, Appellant could not have been tried for PWID in the Philadelphia Municipal Court because, as noted *supra*, the Philadelphia Municipal Court lacks subject matter jurisdiction over PWID offenses. Moreover, *Perfetto* concerned, *inter alia*, interpretation of the word "court" in Section 112(1), rather than the ambiguous term "the offense" in the same provision.