J-S46045-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JALIL COOPER | : | No. 566 EDA 2016 |

Appeal from the Order Entered January 15, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0014102-2011

BEFORE: PANELLA, P.J., OLSON, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED MARCH 03, 2021**

In this matter on remand from our Supreme Court, the Commonwealth appeals from the order entered in the Court of Common Pleas of Philadelphia County granting Appellee Jalil Cooper's motion to dismiss misdemeanor and felony charges pursuant to the compulsory joinder rule set forth in Section 110 of the Crimes Code, 18 Pa.C.S. § 110. In light of our recent *en banc* decision in **Commonwealth v. Atkinson**, ___ A.3d ___, 2021 PA Super 16 (filed February 8, 2021) (*en banc*), we reverse the order of the Court of Common Pleas and remand for further proceedings.

The Court of Common Pleas summarized the relevant facts and procedural history of this case as follows:

> On November 28, 2011, Philadelphia police observed [Appellee] failing to stop and signal before a right turn. [Appellee] also drove

_____

[*] Retired Senior Judge assigned to the Superior Court.

his car through red lights, failed to stop at stop signs and acted recklessly toward an unknown male passenger. Police arrested [Appellee] and charged him [via criminal complaint] with a felony count of Fleeing or Attempting to Elude Police and two misdemeanor counts of Recklessly Endangering Another Person [("REAP")].[1] Police also issued three summary traffic citations: reckless driving, driving with a suspended license, and disregarding a steady red signal.[2]

On December 22, 2011, the Commonwealth filed bills of information charging [Appellee] with a felony count of Fleeing or Attempting to Elude Police and two misdemeanor counts of [REAP] that arose out of the same conduct on November 28, 2011. The Commonwealth never filed a joinder motion to join the three summary offenses pending in Philadelphia Traffic Court with the one felony and two misdemeanor charges pending in the Court of Common Pleas of Philadelphia County.

On February 23, 2012, [Appellee] was found guilty in Philadelphia Traffic Court of the summary offense of disregarding a steady red signal and not guilty of driving with a suspended license; the reckless driving charge was dismissed.

Following the February 23, 2012 proceeding in Philadelphia Traffic Court, [Appellee] filed a motion to dismiss the one felony and two misdemeanor charges pursuant to Section 110. [On January 15, 2016, the Court of Common Pleas] granted [Appellee's] motion and dismissed those charges with prejudice.

Court of Common Pleas Opinion, 7/20/16, at 1-2.

The Commonwealth filed a timely appeal of the order granting Appellee's motion to dismiss. On September 21, 2017, this Court filed a memorandum decision reversing the Court of Common Pleas' order. Appellee then filed a petition for allowance of appeal to the Supreme Court. While Appellee's petition in this case remained pending, the Supreme Court issued its decision

---

[1] 75 Pa.C.S. § 3733(a) and 18 Pa.C.S. § 2705, respectively.

[2] 75 Pa.C.S. §§ 3736(a), 1543(a), and 3112(a)(3)(i), respectively.

*Commonwealth v. Perfetto*, 207 A.3d 812 (Pa. 2019), holding that the Commonwealth was precluded from prosecuting the defendant in that case on driving under the influence ("DUI") charges after he had already been prosecuted on summary traffic offenses in the Traffic Division of Philadelphia Municipal Court.

On June 17, 2019, the Supreme Court granted Appellee's petition for allowance of appeal in this case, vacated our prior decision, and instructed that we consider this appeal in light of the *Perfetto* decision. Following remand, the parties filed new briefs.

The Commonwealth presents the following issue for our review:

> Did the lower court err when it dismissed felony and misdemeanor charges pursuant to 18 Pa.C.S. § 110 based on the prior adjudication of summary traffic offenses in Philadelphia Traffic Court, where an exception under 18 Pa.C.S. § 112 applies?

Commonwealth Post-Remand Brief at 1. The Commonwealth argues that, because the Traffic Court of Philadelphia had exclusive jurisdiction over summary traffic offenses but no jurisdiction over misdemeanor or felony prosecutions, this case falls within the exception to the compulsory joinder rule set forth in Section 112 of the Crimes Code. Thus, the Commonwealth contends that this case is distinguishable from *Perfetto* and the successive prosecution of Appellee for his misdemeanor and felony charges following his summary conviction was not foreclosed by the compulsory joinder rule.

"Our standard of review of issues concerning the compulsory joinder rule is plenary." **Atkinson**, 2021 PA Super 16 at *3 (citation omitted). Section 110(1)(ii) of the Crimes Code provides:

Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:

(1) The former prosecution resulted in an acquittal or in a conviction . . . and the subsequent prosecution is for:

\*      \*      \*

(ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and occurred within the same judicial district as the former prosecution unless the court ordered a separate trial of the charge of such offense[.]

18 Pa.C.S. § 110(1)(ii). Under Section 112(1), a former "prosecution is not a bar within the meaning of" Section 110 where "[t]he former prosecution was before a court which lacked jurisdiction over the defendant or the offense." 18 Pa.C.S. § 112(1); **see also Atkinson**, 2021 PA Super 16 at *4.

In **Perfetto**, the defendant was charged with three DUI counts and issued a summary citation for operating his vehicle without lights after a July 3, 2014 traffic stop in Philadelphia. 207 A.3d at 815. In September 2014, the defendant was tried and convicted of the summary traffic offense in the Traffic Division of Municipal Court. **Id.** After the defendant's DUI charges were held over for trial, he filed a motion to dismiss based on the compulsory joinder rule. **Id.** The Court of Common Pleas granted the motion to dismiss,

a decision which a divided *en banc* panel of this Court reversed. *Id.* at 815-19; *see also Commonwealth v. Perfetto*, 169 A.3d 1114, 1124-25 (Pa. Super. 2017) (*en banc*), *reversed*, 207 A.3d 812 (Pa. 2019).

On appeal, the Supreme Court held that each of the elements of Section 110(1)(ii) was met because the trial on the summary traffic offense resulted in a conviction, the prosecutor was aware of the DUI charges when the summary trial commenced, the summary and DUI charges arose out of the same incident, and all of the violations took place within the same judicial district. *Perfetto*, 207 A.3d at 821-22. In addition, the Court rejected any application of the Section 112(1) exception to Section 110, noting that the Traffic Division, while limited in its jurisdiction to summary traffic offenses, is merely a division of the Philadelphia Municipal Court and the General Division of that court "clearly and unambiguously . . . has jurisdiction to adjudicate any matter that is properly before the Municipal Court". *Id.* at 822-23. Therefore, the Supreme Court concluded that the Commonwealth could have prosecuted the defendant's summary offense and his misdemeanor DUI offenses in one trial in the General Division, and its failure to do so resulted in the dismissal of the defendant's pending DUI charges under the compulsory joinder rule. *Id.* at 823-24.

In *Atkinson*, Daiychelle Atkinson was arrested and charged on January 8, 2013 with a misdemeanor DUI offense and a summary violation of the Vehicle Code. 2021 PA Super 16 at *2. On March 13, 2013, she was convicted of the summary offense in the former Traffic Court of Philadelphia, the same

court in which Appellee here was tried for his summary traffic offenses. *Id.* The Commonwealth continued its prosecution of Atkinson on the misdemeanor DUI charge in the Criminal Trial Division of Philadelphia Municipal Court, and in 2015, she filed a motion to dismiss based upon the compulsory joinder rule. *Id.* The Municipal Court denied the motion to dismiss, and the Court of Common Pleas affirmed the dismissal. *Id.* Atkinson then filed a notice of appeal to this Court. *Id.*

On appeal, this Court sitting *en banc* distinguished **Perfetto** and rejected Atkinson's argument that her DUI prosecution was precluded under Section 110(1)(ii), reasoning as follows:

> [T]here is no dispute that Atkinson's prosecution on the summary traffic offense resulted in a conviction, the prosecution on her misdemeanor charge would be based on the same criminal conduct or arose from the same criminal episode, the Commonwealth knew of the misdemeanor charge before the summary trial, and the misdemeanor charge arose in the same judicial district and at the same time as the traffic offense of which Atkinson has already been convicted. **See** 18 Pa.C.S. § 110(1)(ii). However, unlike **Perfetto**, at the time Atkinson was prosecuted and found guilty of her summary offense, *neither the Traffic Division nor the General Division of the Municipal Court existed*. Rather, the Municipal Court and the Traffic Court of Philadelphia were separate entities. **See** Act 1997-2 (S.B. 178), P.L. 3, § 1, approved Feb. 14, 1997, eff. Jan. 5, 1998 (former section 1121 designating Philadelphia Municipal Court and former section 1321 designating Traffic Court of Philadelphia);[5] **see also Perfetto**, 207 A.3d at 816 n.1 ("The amended statute *merged* the Philadelphia Traffic Court into the Philadelphia Municipal Court by reorganizing the Municipal Court into two divisions: General Division and Traffic Division.") (emphasis added).
>
> [5] At the time Atkinson was adjudicated for her summary offense, the Municipal Court and Traffic Court of Philadelphia were designated as "Minor Courts" in this Commonwealth.

> The Philadelphia Municipal Court was its own entity (Subchapter B under Chapter 11 of Article D of Subpart A of Part II of Title 42), while the Traffic Court of Philadelphia was its own entity under Subchapter B of Chapter 13, Traffic Courts. The Municipal Court is now comprised of Civil, Criminal and Traffic Divisions. ***See*** https://www.courts.phila.gov/municipal (last visited 12/17/20).
>
> Thus, at the time Atkinson was tried on her summary offense, the Commonwealth could not have also adjudicated her on her DUI in Traffic Court, which had exclusive jurisdiction over [] Vehicle Code violations. Similarly, the Commonwealth could not have tried Atkinson's summary traffic offense in Philadelphia Municipal Court (Criminal Trial Division). Therefore, the "Commonwealth has not placed [Atkinson] 'in jeopardy of life or limb'" regarding her DUI offense, [***Commonwealth v. Johnson***, 221 A.3d 217, 221 (Pa. Super. 2019) (citing Pa. Const. Art. I, § 10), ***appeal granted***, 237 A.3d 962 (Pa. 2020)], and the Philadelphia Municipal Court (Criminal Trial Division) may properly assert its separate, original jurisdiction over that charge under section 112(1). Accordingly, our holding in this case does not run afoul of the Supreme Court's holding in ***Perfetto*** or the compulsory joinder rule and the [Municipal Court] properly denied Atkinson's motion to dismiss.

***Id.*** at *5-*7 (emphasis in original; some footnotes and citations omitted).

In this case, there is no question that the elements of the compulsory joinder rule are satisfied as the summary traffic offenses arose out of the same incident and in the same district as the misdemeanor and felony charges against Appellee and the Commonwealth was aware of the misdemeanor and felony charges at the time of the summary trial. However, as in ***Atkinson***, Appellee's trial for summary traffic offenses occurred in the Traffic Court of Philadelphia, which had exclusive jurisdiction over summary traffic offenses

- 7 -

committed in Philadelphia at that time of Appellee's first trial.[3] 42 Pa.C.S. § 1302(a) (effective January 31, 2005 to June 18, 2013) (setting forth jurisdiction of Traffic Courts); 42 Pa.C.S. § 1321 (effective January 5, 1998 to June 18, 2013) (establishing Traffic Court of Philadelphia); **see also** 42 Pa.C.S. § 931(a) (Common Pleas Court has unlimited original jurisdiction except where exclusive original jurisdiction is vested in another court by statute or general rule); 42 Pa.C.S. § 1123(a)(1) (effective January 24, 2011 to June 18, 2013) (at time of Appellee's trial on summary traffic offenses, Municipal Court had jurisdiction over "[s]ummary offenses, except those within the jurisdiction of the Traffic Court of Philadelphia"). Moreover, the Traffic Court's jurisdiction did not extend to trial of either misdemeanor or felony offenses. 42 Pa.C.S. § 1302 (effective January 31, 2005 to June 18, 2013).

Therefore, the only court which could have tried Appellee's misdemeanor and felony charges arising out of the November 28, 2011 incident was the Court of Common Pleas, but that court lacked jurisdiction to rule on Appellee's summary traffic offenses issued from the same criminal episode. 42 Pa.C.S. § 931(a); **Commonwealth v. Bethea**, 828 A.2d 1066,

---

[3] Under Act 17 of 2013, effective on June 19, 2013, the Traffic Division of Philadelphia Municipal Court was established with jurisdiction over summary traffic offenses within the City of Philadelphia, and the Traffic Court of Philadelphia was merged into the Traffic Division. **See** Act of June 19, 2013, P.L. 55, No. 17; **see also Perfetto**, 207 A.3d at 816 & n.1.

1074 (Pa. 2003).[4] In accordance with **Atkinson**, we thus conclude that the Court of Common Pleas erred in dismissing Appellee's misdemeanor REAP charges and felony fleeing or attempting to elude police officer charge based on the compulsory joinder rule because the later prosecution fell within the Section 112(1) exception to that rule. 2021 PA Super 16 at *6-*7.

Order reversed. Case remanded. Jurisdiction relinquished.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

Date: *3/3/2021*

---

[4] The Municipal Court has jurisdiction over criminal offenses "for which no prison term may be imposed or which are punishable by imprisonment for a term of not more than five years," i.e. misdemeanors but not felonies. 42 Pa.C.S. § 1123(a)(2); **see also** 18 Pa.C.S. §§ 1103, 1104.