J-E03001-20

2021 PA Super 16

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DAIYCHELLE ATKINSON | : | |
| | : | |
| Appellant | : | No. 1562 EDA 2016 |

Appeal from the Order August 3, 2015
In the Court of Common Pleas of Philadelphia County Criminal Division at No(s): MC-51-CR-0001158-2013

BEFORE: PANELLA, P.J., BENDER, P.J.E., BOWES, J., LAZARUS, J., OLSON, J., STABILE, J., NICHOLS, J., McLAUGHLIN, J., and KING, J.

OPINION BY LAZARUS, J.:                    **FILED: FEBRUARY 8, 2021**

Daiychelle Atkinson appeals from the trial court's order denying her motion to dismiss[1] based on the compulsory joinder principles of section 110 of the Crimes Code. 18 Pa.C.S. § 110. This matter is before us on remand from the Supreme Court of Pennsylvania—which granted Atkinson's petition for allowance of appeal and vacated our prior decision[2]—instructing us to consider the appeal "in light of [its] decision in ***Commonwealth v. Perfetto***, [207 A.3d 812 (Pa. 2019)]." After careful consideration, we affirm.

_____

[1] We note that because "the protection of the compulsory joinder of charges statute is in the nature of protection against double jeopardy, an order denying a motion to invoke that statute's protection is . . . subject to immediate appeal." ***Commonwealth v. Barber***, 940 A.2d 369, 376 (Pa. Super. 2007) (citations omitted).

[2] ***Commonwealth v. Atkinson***, 178 A.3d 206 (Pa. Super. filed Sept. 29, 2017) (unpublished memorandum decision).

On January 8, 2013, Atkinson was arrested and charged with driving under the influence (DUI), 75 Pa.C.S. § 3802(a)(1), as well as a violation of the Motor Vehicle Code (MVC) for disregarding a traffic device, 75 Pa.C.S. § 3111(a). On March 13, 2013, Atkinson was found guilty in the now-eliminated Traffic Court of Philadelphia[3] of the offense of disregarding a traffic device. No appeal was filed. The Commonwealth continued its prosecution of the DUI offense in the Criminal Trial Division of the Philadelphia Municipal Court. On August 3, 2015, Atkinson filed a motion to dismiss the DUI offense, in the Municipal Court, pursuant to section 110, the compulsory joinder rule. The Municipal Court denied Atkinson's motion to dismiss.

Atkinson filed an interlocutory appeal from that order to the Philadelphia Court of Common Pleas. On October 23, 2015, the trial court affirmed the Municipal Court's denial of Atkinson's motion to dismiss. On November 23, 2015, Atkinson filed a timely notice of appeal to this Court. On September 29, 2017, our Court affirmed the trial court's order denying Atkinson's motion to dismiss. **See supra**, at n.2. On June 27, 2019, the Pennsylvania Supreme Court granted Atkinson's petition for allowance of appeal, vacated our September 29, 2017 unpublished memorandum and order, and remanded the

---

[3] On June 19, 2013, the Traffic Court of Philadelphia was effectively abolished when the General Assembly restructured the Philadelphia Municipal Court, now comprised of two administrative sections, the General Division and the Traffic Division. **See** Act 17 of 2013, P.L. 55, No. 17 (June 19, 2013). Thereafter, all Traffic Court responsibilities were transferred to the Municipal Court. On April 26, 2016, the Pennsylvania Constitution was amended to fully eliminate the Philadelphia Traffic Court. **Perfetto**, 207 A.3d at 816 n.1.

matter to be considered in light of **Perfetto**, **supra**.  On remand, a three-judge panel of this Court again affirmed the trial court's order denying Atkinson's section 110 motion.  **See Commonwealth v. Atkinson**, 178 A.3d 206 (Pa. Super. filed Sept. 4, 2019) (unpublished memorandum decision).  However, that panel decision was later withdrawn after our Court granted en banc reargument on November 15, 2019.  The parties filed new briefs.

On reargument, Atkinson presents the following issue for our review: "Did not the [trial] court err in denying [Atkinson]'s motion to dismiss pursuant to 18 Pa.C.S. § 110(a)(1)(ii)[,] where [Atkinson] had previously been convicted of offenses which arose from the same criminal episode in the same judicial district as the offense in the instant case?"  Appellant's Substituted Brief for Court En Banc, at 3 (italics omitted).

Our standard of review of issues concerning the compulsory joinder rule, 18 Pa.C.S. § 110, is plenary.  **Commonwealth v. Reid**, 35 A.3d 773, 776 (Pa. Super. 2012).  The compulsory joinder rule states, in relevant part:

> Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:
>
> (1) **The former prosecution resulted in an acquittal or in a conviction . . . and the subsequent prosecution is for**:
>
> \*     \*     \*
>
> (ii)  **any offense based on the same conduct or arising from the same criminal episode,** if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial **and**

- 3 -

**occurred within the same judicial district** as the former prosecution unless the court ordered a separate trial of the charge of such offense[.]

18 Pa.C.S. § 110(1)(ii) (amended 2002) (emphasis added). However, pursuant to 18 Pa.C.S. § 112(1), a former "prosecution is not a bar within the meaning of section 109 of this title . . . through section 111 of this title . . . [if t]he former prosecution was before a court which lacked jurisdiction over the defendant or the offense." 18 Pa.C.S. § 112(1). In **Commonwealth v. Johnson**, 221 A.3d 217 (Pa. Super. 2019), *appeal granted*, 237 A.3d 962 (Pa. 2020),[4] our Court recognized that "[c]learly[, section 112(1)] is an exception to [s]ection 110, because the exception applies to [s]ections 109-111." **Id.** at 220.

In **Perfetto**, the defendant was cited for a summary offense and also charged with three counts of DUI. 207 A.3d at 815. A hearing officer in the Philadelphia Municipal Court, Traffic Division, found the defendant guilty of the summary offense. **Id.** After a preliminary hearing, the defendant's DUI charges were bound over for trial. **Id.** Defendant filed a motion to dismiss, based on the same argument in the instant case, invoking subsection 110(1)(ii)—the compulsory joinder rule. **Id.** The trial court granted the motion and dismissed defendant's DUI charges. **Id.** The Commonwealth appealed and a divided en banc panel of our Court reversed the trial court,

_____

[4] On August 5, 2020, the Pennsylvania Supreme Court granted Johnson's petition for allowance of appeal on the following issue: Did not the Superior Court, in a published opinion, misapply 18 Pa.C.S. § 112 in such a way as to conflict with precedent from both the Superior Court and this Court?

- 4 -

concluding that the defendant's summary traffic offense could only be tried in the Traffic Division of the Municipal Court and, thus, the defendant's subsequent prosecution for his DUI charges did not run afoul of the compulsory joinder rule. **See Commonwealth v. Perfetto**, 169 A.3d 1114 (Pa. Super. 2017) (en banc). The defendant filed a petition for allowance of appeal, which our Supreme Court granted. On appeal, the Supreme Court reversed our Court's en banc decision, noting that while the Traffic Division of the Philadelphia Municipal Court has limited jurisdiction to "consider only summary traffic offenses," the General Division of the Municipal Court "clearly and unambiguously . . . has jurisdiction to adjudicate any matter that is properly before [it, including both summary and misdemeanor offenses]." **Perfetto**, 207 A.3d at 823. Thus, the Court concluded that the Commonwealth was precluded from prosecuting the defendant for his pending DUI charges under section 110(1)(ii), where all of the defendant's offenses could have been adjudicated in the General Division of the Municipal Court. **Id.**

Here, there is no dispute that Atkinson's prosecution on the summary traffic offense resulted in a conviction, the prosecution on her misdemeanor charge would be based on the same criminal conduct or arose from the same criminal episode, the Commonwealth knew of the misdemeanor charge before the summary trial, and the misdemeanor charge arose in the same judicial district and at the same time as the traffic offense of which Atkinson has already been convicted. **See** 18 Pa.C.S. § 110(1)(ii). However, unlike

- 5 -

*Perfetto*, at the time Atkinson was prosecuted and found guilty of her summary offense, *neither the Traffic Division nor the General Division of the Municipal Court existed*.   Rather, the Municipal Court and the Traffic Court of Philadelphia were separate entities.  **See** Act 1997-2 (S.B. 178), P.L. 3, § 1, approved Feb. 14, 1997, eff. Jan. 5, 1998 (former section 1121 designating Philadelphia Municipal Court and former section 1321 designating Traffic Court of Philadelphia);[5] **see also Perfetto**, 207 A.3d at 816 n.1 ("The amended statute *merged* the Philadelphia Traffic Court into the Philadelphia Municipal Court by reorganizing the Municipal Court into two divisions:  General Division and Traffic Division.") (emphasis added).

Thus, at the time Atkinson was tried on her summary offense, the Commonwealth could not have also adjudicated her on her DUI in Traffic Court, which had exclusive jurisdiction over Motor Vehicle Code violations. Similarly, the Commonwealth could not have tried Atkinson's summary traffic offense in Philadelphia Municipal Court (Criminal Trial Division).   Therefore,

---

[5] At the time Atkinson was adjudicated for her summary offense, the Municipal Court and Traffic Court of Philadelphia were designated as "Minor Courts" in this Commonwealth.  The Philadelphia Municipal Court was its own entity (Subchapter B under Chapter 11 of Article D of Subpart A of Part II of Title 42), while the Traffic Court of Philadelphia was its own entity under Subchapter B of Chapter 13, Traffic Courts.  The Municipal Court is now comprised of Civil, Criminal and Traffic Divisions.  **See** https://www.courts.phila.gov/municipal (last visited 12/17/20).

the "Commonwealth has not placed [Atkinson] 'in jeopardy of life or limb'"[6] regarding her DUI offense, **Johnson**, **supra** at 221,[7] and the Philadelphia Municipal Court (Criminal Trial Division) may properly assert its separate, original jurisdiction over that charge under section 112(1).   Accordingly, our holding in this case does not run afoul of the Supreme Court's holding in **Perfetto** or the compulsory joinder rule and the trial court properly denied Atkinson's motion to dismiss.  **Reid**, **supra**.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/8/21

_____

[6] **See** Pa. Const. Art. I, § 10 ("No person shall, for the same offense, be twice put in jeopardy of life or limb.").

[7] Similarly, in **Johnson**, our Court concluded that the Commonwealth properly tried and convicted the defendant on summary charges in municipal court and brought a drug charge arising from the same episode in the trial court.  221 A.3d at 221.  Specifically, the Court found that section 112(1) trumped section 110 where the municipal court, which had jurisdiction over the defendant's prosecution for driving with a suspended license, did *not* have jurisdiction over the defendant's drug charge.  **Id.**  In affirming the trial court's refusal to dismiss the drug charge under the compulsory joinder rule, the **Johnson** panel noted that the case was unlike **Perfetto** where the summary-offense prosecution occurred before a court that also had jurisdiction over the DUI charge.