J-S13040-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHRISTOPHER KOLASKI | : | No. 3723 EDA 2015 |

Appeal from the Order November 19, 2015
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0008572-2014

BEFORE: BENDER, P.J.E., LAZARUS, J., and FITZGERALD, J.[*]

MEMORANDUM BY BENDER, P.J.E.: **FILED: FEBRUARY 22, 2021**

The Commonwealth appeals from the order, entered in the Philadelphia County Court of Common Pleas, granting Appellee Christopher Kolaski's motion to dismiss his misdemeanor driving under the influence ("DUI") charges pursuant to 18 Pa.C.S. § 110. Originally, this panel reversed the court's order and remanded for further proceedings, following the rationale of **Commonwealth v. Perfetto**, 169 A.3d 1114 (Pa. Super. 2017) (*en banc*) ("**Perfetto I**").[1] However, **Perfetto I** was subsequently reversed by our Supreme Court in **Commonwealth v. Perfetto**, 207 A.3d 812 (Pa. 2019) ("**Perfetto II**"). Consequently, our Supreme Court granted Appellee's petition for permission to appeal, vacated our prior decision, and remanded

---

[*] Former Justice specially assigned to the Superior Court.

[1] **See Commonwealth v. Kolaski**, 179 A.3d 538 (Pa. Super. filed Oct. 6, 2017) (unpublished memorandum).

for reconsideration in light of **Perfetto II**. After careful review, we again reverse the court's order and remand for further proceedings.

The relevant facts and procedural history of this case are as follows. On January 10, 2009, Philadelphia Police stopped Appellee's vehicle after noticing reckless and erratic driving. Appellee's eyes were watery and glassy, and he was unable to keep his balance upon exiting the vehicle. The officers issued him a traffic citation for careless driving and arrested him for DUI. On March 16, 2009, the Philadelphia Traffic Court found Appellee guilty *in absentia* of careless driving. Thereafter, on June 9, 2014, the Philadelphia Municipal Court convicted Appellee of two counts of DUI. Following sentencing, he timely appealed to the Philadelphia Court of Common Pleas for a trial *de novo*. Prior to his new trial, however, Appellee filed a motion to dismiss the DUI charges pursuant to section 110. After a hearing on the motion, the court dismissed the DUI charges on November 19, 2015, and held that Appellee's prior Traffic Court conviction barred the subsequent prosecution of his DUI offenses. The Commonwealth timely appealed and filed a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The trial court filed its Rule 1925(a) opinion on June 15, 2016.

On October 6, 2017, this Court filed a memorandum decision relying on **Perfetto I** to reverse the trial court's order and remand for further proceedings. **See Kolaski**, **supra**. In **Perfetto I**,

> the defendant was cited for a summary offense and also charged
> with three counts of DUI. [**Perfetto I**,] 207 A.3d at 815. A
> hearing officer in the Philadelphia Municipal Court, Traffic Division,

found the defendant guilty of the summary offense. *Id.* After a preliminary hearing, the defendant's DUI charges were bound over for trial. *Id.* [The d]efendant filed a motion to dismiss, based on the same argument in the instant case, invoking subsection 110(1)(ii)—the compulsory joinder rule. *Id.* The trial court granted the motion and dismissed [the] defendant's DUI charges. *Id.* The Commonwealth appealed and a divided *en banc* panel of our Court reversed the trial court, concluding that the defendant's summary traffic offense could only be tried in the Traffic Division of the Municipal Court and, thus, the defendant's subsequent prosecution for his DUI charges did not run afoul of the compulsory joinder rule.

*Commonwealth v. Atkinson*, -- A.3d ----, 2021 PA Super 16, *2 (filed Feb. 8, 2021) (*en banc*).

Applying **Perfetto I**, this panel found that Appellee's prosecution for DUI in the Philadelphia Municipal Court was not barred by his earlier prosecution for careless driving in the former Philadelphia Traffic Court. We also pointed out that, at the time of Appellee's offenses, Philadelphia had a separate traffic court that adjudicated his summary traffic violation. However, as of June 19, 2013, Philadelphia restructured the Municipal Court into two sections, the General Division and the Traffic Division, which absorbed the former Traffic Court.

Appellee filed a petition for permission to appeal with our Supreme Court, which was granted. On May 17, 2019, the Court vacated our decision and remanded for reconsideration of this case in light of **Perfetto II**. There,

the Supreme Court reversed our Court's *en banc* decision [in **Perfetto I**], noting that while the Traffic Division of the Philadelphia Municipal Court has limited jurisdiction to "consider only summary traffic offenses," the General Division of the Municipal Court "clearly and unambiguously ... has jurisdiction to adjudicate any matter that is properly before [it, including both

- 3 -

summary and misdemeanor offenses].” ***Perfetto*** [***II***], 207 A.3d at 823. Thus, the Court concluded that the Commonwealth was precluded from prosecuting the defendant for his pending DUI charges under section 110(1)(ii), where all of the defendant's offenses could have been adjudicated in the General Division of the Municipal Court. ***Id.***

***Atkinson***, 2021 PA Super 16, at *2.

On remand, we permitted the parties to file new briefs. In the Commonwealth's post-remand brief, it raises two issues for our review:

I. Did the lower court err when it dismissed felony and misdemeanor charges pursuant to 18 Pa.C.S. § 110 based on the prior adjudication of summary traffic offenses in Philadelphia Traffic Court, where an exception under 18 Pa.C.S. § 112 applies?

II. Should this Court deem waived [Appellee's] claim that [s]ection 110 required his misdemeanor charges to be joined with this summary traffic offenses[,] where he did not present it to the Municipal Court that tried him initially but[,] instead[,] waited to raise it for the first time at a trial *de novo*[?]

Commonwealth's Brief at 1.

To begin, we note that:

Our standard of review of issues concerning the compulsory joinder rule, 18 Pa.C.S. § 110, is plenary. ***Commonwealth v. Reid***, 35 A.3d 773, 776 (Pa. Super. 2012). The compulsory joinder rule states, in relevant part:

Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:

(1) The former prosecution resulted in an acquittal or in a conviction ... and the subsequent prosecution is for:

* * *

(ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the

- 4 -

> time of the commencement of the first trial and occurred within the same judicial district as the former prosecution unless the court ordered a separate trial of the charge of such offense[.]

18 Pa.C.S. § 110(1)(ii) (amended 2002)…. However, pursuant to 18 Pa.C.S. § 112(1), a former "prosecution is not a bar within the meaning of section 109 of this title ... through section 111 of this title ... [if t]he former prosecution was before a court which lacked jurisdiction over the defendant or the offense." 18 Pa.C.S. § 112(1). In ***Commonwealth v. Johnson***, 221 A.3d 217 (Pa. Super. 2019), *appeal granted*, 237 A.3d 962 (Pa. 2020),[4] our Court recognized that "[c]learly[, section 112(1)] is an exception to [s]ection 110, because the exception applies to [s]ections 109-111." ***Id.*** at 220.

> [4] On August 5, 2020, the Pennsylvania Supreme Court granted Johnson's petition for allowance of appeal on the following issue: Did not the Superior Court, in a published opinion, misapply 18 Pa.C.S. § 112 in such a way as to conflict with precedent from both the Superior Court and this Court?

***Atkinson***, 2021 PA Super 16, at *2 (emphasis omitted).

In the Commonwealth's first issue, it argues that Appellee's prosecution for the DUI charge is permitted under sections 110 and 112 because, when Appellee was prosecuted for careless driving in 2009, the Philadelphia Traffic Court had ***exclusive jurisdiction*** over his summary traffic offense. Thus, there was no one court that had jurisdiction over both Appellee's careless driving charge and his DUI offense. The Commonwealth argues that the timing of Appellee's first prosecution makes this case distinguishable from ***Perfetto II***, where "all of the charges arising out of the same criminal episode — *i.e.*, a single traffic stop — in that case occurred in 2014, ***after*** the General Assembly had eliminated the Philadelphia Traffic Court and, necessarily, its

exclusive jurisdiction over summary traffic offenses." Commonwealth's Brief at 10 (citing **Perfetto II**, 207 A.3d at 815) (emphasis in original). The Commonwealth concludes that, "[t]he Philadelphia Traffic Court's exclusive jurisdiction over summary traffic offenses provided an exception, before June 19, 2013, to the rule of compulsory joinder for other non-summary offenses arising out of the same criminal episode." **Id.** at 10-11 (emphasis omitted; footnote omitted).[2]

Based on this Court's recent *en banc* decision in **Atkinson**, we agree with the Commonwealth. There,

> [o]n January 8, 2013, Atkinson was arrested and charged with driving under the influence (DUI), 75 Pa.C.S. § 3802(a)(1), as well as a violation of the Motor Vehicle Code (MVC) for disregarding a traffic device, 75 Pa.C.S. § 3111(a). On March 13, 2013, Atkinson was found guilty in the now-eliminated Traffic Court of Philadelphia[3] of the offense of disregarding a traffic device. No appeal was filed. The Commonwealth continued its prosecution of the DUI offense in the Criminal Trial Division of the Philadelphia Municipal Court. On August 3, 2015, Atkinson filed a motion to dismiss the DUI offense, in the Municipal Court,

---

[2] We reject Appellee's claim that the Commonwealth waived its argument because it did not raise before the trial court, or in its Rule 1925(b) statement, that an exception to section 110 applied under section 112. The trial proceedings in this case occurred in 2014, and the Commonwealth's Rule 1925(b) statement was filed in 2015. It was not until the pendency of the Commonwealth's appeal that **Perfetto I** and **Perfetto II** were decided, and not until even more recently that this Court issued **Johnson** and **Atkinson**. These decisions clearly developed the law on how sections 110 and 112 apply to the Commonwealth's practice in Philadelphia of separating prosecutions for summary traffic offenses from DUI and other misdemeanor and felony charges. Thus, we decline to deem the Commonwealth's argument, premised on these changes in the law, to be waived based on its failure to present its precise claims years before the pertinent cases were decided.

pursuant to section 110, the compulsory joinder rule. The Municipal Court denied Atkinson's motion to dismiss.

> [3] On June 19, 2013, the Traffic Court of Philadelphia was effectively abolished when the General Assembly restructured the Philadelphia Municipal Court, now comprised of two administrative sections, the General Division and the Traffic Division. *See* Act 17 of 2013, P.L. 55, No. 17 (June 19, 2013). Thereafter, all Traffic Court responsibilities were transferred to the Municipal Court. On April 26, 2016, the Pennsylvania Constitution was amended to fully eliminate the Philadelphia Traffic Court. *Perfetto* [*II*], 207 A.3d at 816 n.1.

*Atkinson*, 2021 PA Super 16, at *1.

In affirming the Municipal Court's order denying Atkinson's motion to dismiss, we explained:

> Here, there is no dispute that Atkinson's prosecution on the summary traffic offense resulted in a conviction, the prosecution on her misdemeanor charge would be based on the same criminal conduct or arose from the same criminal episode, the Commonwealth knew of the misdemeanor charge before the summary trial, and the misdemeanor charge arose in the same judicial district and at the same time as the traffic offense of which Atkinson has already been convicted. *See* 18 Pa.C.S. § 110(1)(ii). However, unlike *Perfetto* [*II*], at the time Atkinson was prosecuted and found guilty of her summary offense, *neither the Traffic Division nor the General Division of the Municipal Court existed*. Rather, the Municipal Court and the Traffic Court of Philadelphia were separate entities. *See* Act 1997-2 (S.B. 178), P.L. 3, § 1, approved Feb. 14, 1997, eff. Jan. 5, 1998 (former section 1121 designating Philadelphia Municipal Court and former section 1321 designating Traffic Court of Philadelphia);[5] *see also Perfetto* [*II*], 207 A.3d at 816 n.1 ("The amended statute *merged* the Philadelphia Traffic Court into the Philadelphia Municipal Court by reorganizing the Municipal Court into two divisions: General Division and Traffic Division.") (emphasis added).
>
> > [5] At the time Atkinson was adjudicated for her summary offense, the Municipal Court and Traffic Court of Philadelphia were designated as "Minor Courts" in this Commonwealth.

> The Philadelphia Municipal Court was its own entity (Subchapter B under Chapter 11 of Article D of Subpart A of Part II of Title 42), while the Traffic Court of Philadelphia was its own entity under Subchapter B of Chapter 13, Traffic Courts. The Municipal Court is now comprised of Civil, Criminal and Traffic Divisions. **_See_** https://www.courts.phila.gov/municipal (last visited 12/17/20).

Thus, at the time Atkinson was tried on her summary offense, the Commonwealth could not have also adjudicated her on her DUI in Traffic Court, which had exclusive jurisdiction over Motor Vehicle Code violations. Similarly, the Commonwealth could not have tried Atkinson's summary traffic offense in Philadelphia Municipal Court (Criminal Trial Division). Therefore, the "Commonwealth has not placed [Atkinson] 'in jeopardy of life or limb'"[6] regarding her DUI offense, **_Johnson_**, [221 A.3d at] 221,[7] and the Philadelphia Municipal Court (Criminal Trial Division) may properly assert its separate, original jurisdiction over that charge under section 112(1). Accordingly, our holding in this case does not run afoul of the Supreme Court's holding in **_Perfetto_** [**_II_**] or the compulsory joinder rule and the trial court properly denied Atkinson's motion to dismiss. **_Reid, supra_**.

> [6] **_See_** Pa. Const. Art. I, § 10 ("No person shall, for the same offense, be twice put in jeopardy of life or limb.").

> [7] Similarly, in **_Johnson_**, our Court concluded that the Commonwealth properly tried and convicted the defendant on summary charges in municipal court and brought a drug charge arising from the same episode in the trial court. [**_Johnson_**,] 221 A.3d at 221. Specifically, the Court found that section 112(1) trumped section 110 where the municipal court, which had jurisdiction over the defendant's prosecution for driving with a suspended license, did _not_ have jurisdiction over the defendant's drug charge. **_Id._** In affirming the trial court's refusal to dismiss the drug charge under the compulsory joinder rule, the **_Johnson_** panel noted that the case was unlike **_Perfetto_** [**_II_**] where the summary-offense prosecution occurred before a court that also had jurisdiction over the DUI charge.

**_Atkinson_**, 2021 PA Super 16, at \*3 (emphasis in original).

Here, it is clear that under the rationale of **Atkinson**, Appellee's 2009 conviction for careless driving in the then-extant Philadelphia Traffic Court, which had exclusive jurisdiction over that offense, does not bar his subsequent prosecution for DUI. This conclusion does not contradict our Supreme Court's decision in **Perfetto II**. Therefore, we reverse the trial court's order dismissing Appellee's DUI charge and remand for further proceedings. Given our disposition, we need not address the second issue raised by the Commonwealth.

Order reversed. Case remanded for further proceedings. Jurisdiction relinquished.

Justice Fitzgerald did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/22/21