J-S13040-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHRISTOPHER KOLASKI | : | No. 3723 EDA 2015 |

Appeal from the Order Entered November 19, 2015
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0008572-2014

BEFORE:   BENDER, P.J.E., LAZARUS, J., and FITZGERALD, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                    Filed: November 4, 2021

The Commonwealth appeals from the order, entered in the Philadelphia County Court of Common Pleas, granting Appellee Christopher Kolaski's motion to dismiss his misdemeanor driving under the influence ("DUI") charges pursuant to the compulsory joinder rule, set forth in 18 Pa.C.S. § 110.[1]  Our Supreme Court has twice remanded this case for

_____

[*] Former Justice specially assigned to the Superior Court.

[1] Section 110, states, in relevant part:

> Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:
>
> > (1) The former prosecution resulted in an acquittal or in a conviction … and the subsequent prosecution is for:

* * *

*(Footnote Continued Next Page)*

reconsideration of our prior decisions reversing the court's order, in light of new case law interpreting section 110 and related provisions. In the instant remand, we have been instructed to reconsider the propriety of the trial court's order dismissing Appellee's DUI charge given our Supreme Court's decision in **Commonwealth v. Johnson**, 247 A.3d 981 (Pa. 2021) ("**Johnson II**"). For the reasons set forth herein, we conclude that **Johnson II** is distinguishable, and we again reverse and remand for further proceedings.

The relevant facts and procedural history of this case are as follows. On January 10, 2009, Philadelphia Police stopped Appellee's vehicle after noticing reckless and erratic driving. Appellee's eyes were watery and glassy, and he was unable to keep his balance upon exiting the vehicle. The officers issued him a traffic citation for careless driving and arrested him for DUI. On March 16, 2009, the Philadelphia Traffic Court found Appellee guilty *in absentia* of careless driving.

*(Footnote Continued)* ————————

> (ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and occurred within the same judicial district as the former prosecution unless the court ordered a separate trial of the charge of such offense[.]

18 Pa.C.S. § 110(1)(ii) (as amended 2002).

Thereafter, on June 9, 2014, the Philadelphia Municipal Court convicted Appellee of two counts of DUI. Following sentencing, he timely appealed to the Philadelphia Court of Common Pleas for a trial *de novo*. Prior to his new trial, however, Appellee filed a motion to dismiss the DUI charges pursuant to section 110. After a hearing on the motion, the court dismissed the DUI charges on November 19, 2015, and held that Appellee's prior Traffic Court conviction barred the subsequent prosecution of his DUI offenses. The Commonwealth timely appealed and filed a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The trial court filed its Rule 1925(a) opinion on June 15, 2016.

On October 6, 2017, this Court filed a memorandum decision reversing the trial court's order granting Appellee's motion to dismiss his DUI charges and remanding for further proceedings. **See Commonwealth v. Kolaski**, 179 A.3d 538 (Pa. Super. filed Oct. 6, 2017) (unpublished memorandum) ("**Kolaski I**") (relying on **Commonwealth v. Perfetto**, 169 A.3d 1114 (Pa. Super. 2017) (*en banc*) ("**Perfetto I**") (holding that the defendant's summary traffic offense could only be tried in the Traffic Division of the Philadelphia Municipal Court and, thus, the defendant's subsequent prosecution for DUI did not violate the compulsory joinder rule)).

Appellee filed a petition for allowance of appeal with our Supreme Court, which was granted. On May 17, 2019, the Court vacated our decision and remanded for reconsideration of this case in light of **Commonwealth v. Perfetto**, 207 A.3d 812 (Pa. 2019) ("**Perfetto II**"). There,

- 3 -

the Supreme Court reversed our Court's *en banc* decision [in **Perfetto I**], noting that while the Traffic Division of the Philadelphia Municipal Court has limited jurisdiction to "consider only summary traffic offenses," the General Division of the Municipal Court "clearly and unambiguously ... has jurisdiction to adjudicate any matter that is properly before [it, including both summary and misdemeanor offenses]." **Perfetto** [**II**], 207 A.3d at 823. Thus, the Court concluded that "a straightforward application of the plain language of [s]ubsection 110(1)(ii) of the compulsory joinder statute to the circumstances presented in this appeal makes clear that the Commonwealth is precluded from prosecuting [Perfetto] for his DUI charges." **Id.** at 822 (emphasis added).

**Commonwealth v. Atkinson**, --- A.3d ---, 2021 PA Super 208, at *3 n.12 (Pa. Super. 2021) (*en banc*) ("**Atkinson II**") (emphasis omitted).

On remand from **Kolaski I**, the Commonwealth raised two issues for our review:

> I. Did the lower court err when it dismissed felony and misdemeanor charges pursuant to 18 Pa.C.S. § 110 based on the prior adjudication of summary traffic offenses in Philadelphia Traffic Court, where an exception under 18 Pa.C.S. § 112 applies?
>
> II. Should this Court deem waived [Appellee's] claim that [s]ection 110 required his misdemeanor charges to be joined with this summary traffic offenses[,] where he did not present it to the Municipal Court that tried him initially but[,] instead[,] waited to raise it for the first time at a trial *de novo*[?]

**Commonwealth v. Kolaski**, No. 3723 EDA 2015 (Pa. Super. filed Feb. 22, 2021) (unpublished memorandum) ("**Kolaski II**").

In **Kolaski II**, filed on February 22, 2021, this panel again reversed and remanded Appellee's case. In doing so, we relied on this Court's *en banc* decision in **Commonwealth v. Atkinson**, 245 A.3d 1140 (Pa. Super. 2021) (*en banc*) ("**Atkinson I**"). There,

[o]n January 8, 2013, Atkinson was arrested and charged with driving under the influence (DUI), 75 Pa.C.S. § 3802(a)(1), as well as a violation of the Motor Vehicle Code (MVC) for disregarding a traffic device, 75 Pa.C.S. § 3111(a). On March 13, 2013, Atkinson was found guilty in the now-eliminated Traffic Court of Philadelphia[3] of the offense of disregarding a traffic device. No appeal was filed. The Commonwealth continued its prosecution of the DUI offense in the Criminal Trial Division of the Philadelphia Municipal Court. On August 3, 2015, Atkinson filed a motion to dismiss the DUI offense, in the Municipal Court, pursuant to section 110, the compulsory joinder rule. The Municipal Court denied Atkinson's motion to dismiss.

[3] On June 19, 2013, the Traffic Court of Philadelphia was effectively abolished when the General Assembly restructured the Philadelphia Municipal Court, now comprised of two administrative sections, the General Division and the Traffic Division. *See* Act 17 of 2013, P.L. 55, No. 17 (June 19, 2013). Thereafter, all Traffic Court responsibilities were transferred to the Municipal Court. On April 26, 2016, the Pennsylvania Constitution was amended to fully eliminate the Philadelphia Traffic Court. *Perfetto* [*II*], 207 A.3d at 816 n.1.

*Atkinson I*, 245 A.3d at 1141.

The Commonwealth appealed, and the *en banc* panel in *Atkinson I* affirmed the trial court's denial of Atkinson's motion to dismiss, distinguishing her case from *Perfetto II*:

Unlike *Perfetto* [*II*], at the time Atkinson was prosecuted and found guilty of her summary offense, neither the Traffic Division nor the General Division of the Municipal Court existed. Rather, the Municipal Court and the Traffic Court of Philadelphia were separate entities. *See* Act 1997-2 (S.B. 178), P.L. 3, § 1, approved Feb. 14, 1997, eff. Jan. 5, 1998 (former section 1121 designating Philadelphia Municipal Court and former section 1321 designating Traffic Court of Philadelphia);[5] *see also Perfetto* [*II*], 207 A.3d at 816 n.1 ("The amended statute **merged** the Philadelphia Traffic Court into the Philadelphia Municipal Court by reorganizing the Municipal Court into two divisions: General Division and Traffic Division.") (emphasis added).

- 5 -

⁵ At the time Atkinson was adjudicated for her summary offense, the Municipal Court and Traffic Court of Philadelphia were designated as "Minor Courts" in this Commonwealth. The Philadelphia Municipal Court was its own entity (Subchapter B under Chapter 11 of Article D of Subpart A of Part II of Title 42), while the Traffic Court of Philadelphia was its own entity under Subchapter B of Chapter 13, Traffic Courts. The Municipal Court is now comprised of Civil, Criminal and Traffic Divisions. **See** https://www.courts.phila.gov/municipal (last visited 12/17/20).

Thus, at the time Atkinson was tried on her summary offense, the Commonwealth could not have also adjudicated her on her DUI in Traffic Court, which had exclusive jurisdiction over Motor Vehicle Code violations. Similarly, the Commonwealth could not have tried Atkinson's summary traffic offense in Philadelphia Municipal Court (Criminal Trial Division). Therefore, the "Commonwealth has not placed [Atkinson] 'in jeopardy of life or limb'"⁶ regarding her DUI offense, … and the Philadelphia Municipal Court (Criminal Trial Division) may properly assert its separate, original jurisdiction over that charge under section 112(1). Accordingly, our holding in this case does not run afoul of the Supreme Court's holding in **Perfetto** [**II**] or the compulsory joinder rule and the trial court properly denied Atkinson's motion to dismiss.

⁶ **See** Pa. Const. Art. I, § 10 ("No person shall, for the same offense, be twice put in jeopardy of life or limb.").

**Atkinson I**, 245 A.3d at 1142-43 (emphasis and one citation omitted).

Relying on **Atkinson I**, we held in **Kolaski II** that "Appellee's 2009 conviction for careless driving in the then-extant Philadelphia Traffic Court, which had exclusive jurisdiction over that offense, does not bar his subsequent prosecution for DUI." **Kolaski II**, 249 A.3d at *5. Accordingly, we once again reversed the trial court's order dismissing Appellee's DUI charge and remanded for further proceedings. **Id.**

Appellee again petitioned for allowance of appeal with our Supreme Court. On September 1, 2021, our Supreme Court vacated our decision and remanded for a second time, directing us to reconsider this case in light of **Johnson II**, which reversed this Court's decision in **Commonwealth v. Johnson**, 221 A.3d 217, 221 (Pa. Super. 2019) ("**Johnson I**"), discussed *infra*. Notably, our Supreme Court also vacated and remanded **Atkinson I** for reconsideration in light of **Johnson II**.

> In **Johnson II**,
>
> the defendant was charged in 2015 with the summary offense of driving with a suspended license, as well as possession with the intent to deliver heroin (PWID) and knowing and intentional possession of heroin (K & I). [**Johnson II**, 247 A.3d] at 982. Johnson was found guilty, *in absentia*, of the summary traffic offense in the Traffic Division of the Municipal Court of Philadelphia. **Id.** Subsequent to that determination, Johnson filed a motion to dismiss contending that, pursuant to the compulsory joinder rule, the prosecution was required to try all of the offenses simultaneously. **Id.**
>
> On interlocutory appeal [in **Johnson I**], the Commonwealth conceded that the K & I offense fell within the Municipal Court's jurisdiction, and, thus, it was foreclosed from pursuing that charge based upon the holding of **Perfetto** [**II**]. **Id.** However, the Commonwealth contended that the PWID charge remained viable for prosecution because the Municipal Court lacked jurisdiction over that offense and, under [18 Pa.C.S. §] 112(1), it was not compelled to join that offense with the summary offense. **Id.** at 982-83.

**Atkinson II**, 2021 PA Super 208, at *6.

Section 112(1) provides an exception to the compulsory joinder rule, stating that a former "prosecution is not a bar within the meaning of section 109 of this title … through section 111 of this title … [if t]he former

- 7 -

prosecution was before a court which lacked jurisdiction over the defendant or the offense." 18 Pa.C.S. § 112(1). In *Johnson I*,

> the Commonwealth argued that "the offense" language in section 112(1) "concerns the crime or crimes for which the government is seeking subsequent convictions." *[Johnson II*, 247 A.3d] at 983. The Superior Court agreed with the Commonwealth, holding that for purposes of section 112(1), "the offense" referred to Johnson's PWID charge…. *Id.* at 989. *See* … *Johnson* [*I*, *supra*].

*Atkinson II*, 2021 PA Super 208, at *6. Accordingly, the *Johnson I* panel concluded that,

> [b]ecause the maximum possible sentence for the charge of possession of heroin with intent to deliver exceeds the jurisdictional limits of the Philadelphia Municipal Court, Johnson's former prosecution for driving with a suspended license occurred "before a court which lacked jurisdiction over the … offense" of possession of heroin with intent to deliver. 18 Pa.C.S.[] § 112(1). Accordingly, the court of common pleas may properly assert its separate, original jurisdiction over that charge under [s]ection 112.

*Johnson I*, 221 A.3d at 221.

Johnson appealed to our Supreme Court, which reversed our holding in *Johnson I*. The *Johnson II* Court held that the Commonwealth must "generally assure that known offenses are consolidated at the common pleas level, when they arise out of a single criminal episode and occur in the same judicial district." *Johnson II*, 247 A.3d at 987.

> The *Johnson* [*II*] Court noted that although the defendant's greater offense (PWID) could not be tried in the first court where Johnson's summary was tried (the Traffic Division of the Municipal Court of Philadelphia), it could have been consolidated with the summary offense in the court of common pleas. Specifically, because the Municipal Court lacked jurisdiction over

Johnson's PWID offense, where that court's jurisdiction is capped at criminal offenses punishable by imprisonment by a term of not more than five years, **see** 42 Pa.C.S. § 1123(a)(2), the Commonwealth could have prosecuted the charges (summary and PWID) against Johnson in a "single proceeding" within the same judicial district, in the common pleas court which had "unlimited original jurisdiction in all cases except as may otherwise be provided by law." Pa. Const., art. V, § 5(b)).

**Atkinson II**, 2021 PA Super 208, at *6.

On October 19, 2021, an *en banc* panel of this Court filed **Atkinson II**. There, we began by recognizing that "[o]ur standard of review of issues concerning the compulsory joinder rule, 18 Pa.C.S. § 110, is plenary." **Id.** at *4 (citation omitted). We then considered the impact of **Johnson II** on the facts of Atkinson's case, ultimately holding that "the principles of compulsory joinder, as espoused in section 110 and the holdings of **Johnson** [**II**] and **Perfetto** [**II**], [were] inapplicable…." **Id.**

In reaching this decision, we stressed that the driving factor behind applying the compulsory joinder rule in **Johnson II** and **Perfetto II** was "the fact that Johnson's and Perfetto's summary [traffic] violations **could have been joined**, respectively, in the common pleas court (with the PWID charge) and the General Division of the Municipal Court (with the DUI offenses)…." **Id.** (emphasis in original; some emphasis omitted). In **Atkinson II**, however, the "consolidation of Atkinson's offenses (summary and DUI) in **any** Philadelphia court was simply impossible at the time she was tried for her [summary traffic] violation." **Id.** at *7 (emphasis in original). This is because, prior to the 2013 restructuring of the Philadelphia

Municipal Court, "the Traffic Court had **exclusive** jurisdiction over summary [traffic] violations and Atkinson's [summary traffic] offense could not be tried in either of the other two courts—the Philadelphia Municipal Court or the Philadelphia Court of Common Pleas." *Id.* (citations omitted; emphasis in original). Consequently, the *Atkinson II* panel held that Atkinson's "case [was] not subject to compulsory joinder for the simple fact that the charges [were] incapable of being joined due to the jurisdictional exclusivity of the Traffic Court." *Id.* (footnote omitted). Accordingly, we affirmed the trial court's denial of Atkinson's motion to dismiss her DUI charge.

Here, the facts mirror those in *Atkinson II*. The Commonwealth properly prosecuted Appellee's 2009 charge for careless driving in the Philadelphia Traffic Court, which had exclusive jurisdiction over that offense. Unlike in *Johnson II* or *Perfetto II*, it was impossible for the Commonwealth to prosecute Appellee's careless driving and DUI charges together in the court of common pleas, or in the Philadelphia Municipal Court. Therefore, following *Atkinson II*, we conclude that *Johnson II* and *Perfetto II* are distinguishable, and the compulsory joinder rule does not apply to the facts of this case. Accordingly, we reverse the trial court's order dismissing Appellee's DUI charge and remand for further proceedings. Given our disposition, we need not address the second issue raised by the Commonwealth.

Order reversed. Case remanded for further proceedings. Jurisdiction relinquished.

Justice Fitzgerald did not participate in the consideration or decision of this case.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/4/21