J-S23004-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| STEPHEN E. LAW | |
| Appellant | No. 1333 EDA 2016 |

Appeal from the Order Entered April 6, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): MC-51-CR-0005716-2011

BEFORE:  OLSON, SOLANO and MUSMANNO, JJ.

MEMORANDUM BY OLSON, J.:                    Filed: November 5, 2021

Appellant, Stephen E. Law, appeals from the order entered on April 6, 2016, which denied his petition for a writ of *certiorari*.[1]  We affirm.

---

[1] On September 15, 2017, we affirmed the trial court's order in an unpublished opinion. ***Commonwealth v. Law***, 178 A.3d 158 (Pa. Super. 2017) (unpublished memorandum) at 1-8, *vacated by* 209 A.3d 911 (Pa. 2019).  On May 17, 2019, the Pennsylvania Supreme Court vacated our decision and remanded the case "for proceedings consistent with [the Supreme Court's] decision in ***Commonwealth v. Perfetto***," 207 A.3d 812 (Pa. 2019).  ***Commonwealth v. Law***, 209 A.3d 911 (Pa. 2019).  On remand, we again affirmed, based upon this Court's February 2021 *en banc* opinion in ***Commonwealth v. Atkinson***, 245 A.3d 1140 (Pa. Super. 2021) (*en banc*), *vacated by* 252 A.3d 1078 (Pa. 2021).  ***See Commonwealth v. Law***, 249 A.3d 1152 (Pa. Super. 2021) (unpublished memorandum) at 1-13, *vacated by* ___ A.3d ___, 2021 WL 3163121 (Pa. 2021).  However, on April 23, 2021, the Pennsylvania Supreme Court vacated ***Atkinson*** and, on July 27, 2021, the Supreme Court vacated ***Law***.  The Supreme Court remanded both ***Atkinson*** and ***Law*** to this Court "for reconsideration in light of ***Commonwealth v. Johnson***, 247 A.3d 981 (Pa. 2021)."  ***See Atkinson***, 252 A.3d at 1078-1079; ***Law***, 2021 WL 3163121, at *1.  Now that an *en*
*(Footnote Continued Next Page)*

The trial court ably explained the underlying facts of this case:

On February 9, 2011, at approximately 11:30 p.m., Officer [Confesor] Nieves and his partner, Officer Palmiero, were patrolling in full uniform and marked vehicles in the 12th District [of Philadelphia]. Officer Nieves observed Appellant driving a Dodge Neon, leaning down in the driver seat and reaching over to the passenger seat of the vehicle while drifting into the adjacent right lane. [The] officers initiated a traffic stop and Appellant stopped on signal. The officers observed that Appellant's eyes were watery and bloodshot and that his movements were very quick.

When the officers returned to the patrol car to conduct their investigation, they observed Appellant continue to lean into the passenger seat. Based upon Appellant's actions and prior record, the officers suspected that he might be armed. The officers asked Appellant to step out of the car and observed him throw something into the dashboard. Officers patted Appellant down for weapons with negative results, and placed him in the back of the patrol car. Officers then searched a compartment in Appellant's dashboard and recovered a Marlboro cigarette package containing two and a half white pills, half a blue pill[,] and a small plastic bag containing a green leafy substance.

At some time during the investigation but before Appellant was handcuffed, Appellant stated that he smoked marijuana two days earlier and had taken Xanax hours earlier. Appellant was subsequently arrested on the scene.

. . .

[The Commonwealth] charged [Appellant] with [driving under the influence ("DUI"), possession of a controlled substance, and possession of a small amount of

_(Footnote Continued)_ ————————————

banc panel of this Court has decided **Atkinson**, we can decide the current appeal. **See Commonwealth v. Atkinson**, ____ A.3d ____, 2021 PA Super 208, at **1-21 (Pa. Super. 2021) (_en banc_).

- 2 -

marijuana.[2]] Appellant was also charged with a summary traffic offense: careless driving pursuant to [75 Pa.C.S.A. § 6308(a)]. . . .

On April 13, 2011, Appellant [pleaded guilty to the summary traffic offense of careless driving in the Philadelphia Traffic Court. At the time Appellant pleaded guilty, the Philadelphia Traffic Court possessed exclusive jurisdiction over summary traffic offenses and no jurisdiction over misdemeanor offenses. **See** 42 Pa.C.S.A. § 1302(a) and (b) (effective to June 18, 2013). As is relevant to the case at bar, misdemeanor offenses were within the jurisdiction of the Philadelphia Municipal Court. **See** 42 Pa.C.S.A. § 1123(a) (effective to June 18, 2013).[3]] . . .

On October 19, 2015, Appellant moved to dismiss the three remaining misdemeanors . . . , arguing that the Commonwealth was barred from prosecuting him under the compulsory joinder provision of [18 Pa.C.S.A. § 110(1)(ii)] because he had been previously convicted of a traffic violation in the Traffic [Court. The trial court] denied Appellant's motion. . . .

On December 3, 2015, Appellant was found guilty[, in the Philadelphia Municipal Court,] of DUI, possession of a controlled substance, and possession of a small amount of marijuana and, on February 3, 2016[,] he was sentenced to three days to six months [in jail] and a concurrent period of [12 months of probation]. On April 6, 2016, [the

_____

[2] 75 Pa.C.S.A. § 3802 and 35 P.S. § 780-113(a)(16) and (31), respectively.

[3] Effective June 19, 2013, the legislature amended 42 Pa.C.S.A. § 1121 and "merged the Philadelphia Traffic Court into the Philadelphia Municipal Court by reorganizing the Municipal Court into two divisions: General Division and Traffic Division." **Commonwealth v. Perfetto**, 207 A.3d 812, 816 n.1 (Pa. 2019). As the **Perfetto** Court noted, "the Philadelphia Traffic Court was a constitutionally designated court; however, on April 26, 2016, the Pennsylvania Constitution was amended to eliminate finally the Philadelphia Traffic Court." **Id.**

Philadelphia Court of Common Pleas denied Appellant's petition for writ of *certiorari* and,] on April 26, 2016, Appellant[] filed a timely notice of appeal. . . .

Trial Court Opinion, 7/26/16, at 1-3 (citations and some capitalization omitted).

Appellant raises one claim on appeal:

Did not the lower court err in denying [Appellant's] motion to dismiss pursuant to [18 Pa.C.S.A. § 110(1)(ii)] where [Appellant] had previously been convicted of an offense which arose from the same criminal episode in the same judicial district as the offense in the instant case?

Appellant's Original Brief at 3.

The case at bar is controlled by this Court's recent *en banc* opinion in **Atkinson**. **See Commonwealth v. Atkinson**, ___ A.3d ___, 2021 PA Super 208, at **1-21 (Pa. Super. 2021) (*en banc*). In **Atkinson**, the defendant, Daiychelle Atkinson ("Atkinson"), was driving her vehicle in Philadelphia when she was arrested and charged with DUI and cited for the summary traffic offense of disregarding a traffic device. On March 13, 2013,[4] Atkinson was convicted of the summary traffic offense in the Traffic Court of Philadelphia, which (at the time) possessed exclusive jurisdiction over the summary traffic offense and no jurisdiction over the misdemeanor DUI offense. **See id.** at **4-6.

---

[4] The legislature effectively abolished the Traffic Court of Philadelphia on June 19, 2013. This was after Atkinson's March 13, 2013 summary traffic conviction in that court.

When the Commonwealth then sought to prosecute Atkinson for the DUI charge in the Philadelphia Municipal Court, Atkinson filed a motion to dismiss. She argued that 18 Pa.C.S.A. § 110(1)(ii)[5] prohibited her DUI prosecution, as that charge arose out of the same criminal episode as her summary traffic offense, the prosecutor knew of all offenses at the time of her first prosecution, and the DUI charge occurred within the same judicial district as the summary traffic offense. The municipal court denied her

_____

[5] In pertinent part, section 110 states:

> § 110. When prosecution barred by former prosecution for different offense
>
> Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:
>
> (1) The former prosecution resulted in an acquittal or in a conviction as defined in section 109 of this title (relating to when prosecution barred by former prosecution for same offense) and the subsequent prosecution is for:
>
> . . .
>
> (ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and occurred within the same judicial district as the former prosecution unless the court ordered a separate trial of the charge of such offense[.]

18 Pa.C.S.A. § 110.

motion to dismiss and, after the common pleas court affirmed the municipal

court's ruling, Atkinson filed a notice of appeal to this Court. ***Id.***

In this Court's most recent *en banc* opinion in **Atkinson**, we held that

Section 110(1)(ii) – which is colloquially known as the "compulsory joinder

rule" – did not prohibit Atkinson's subsequent prosecution for DUI. ***See***

**Atkinson**, 2021 PA Super 208, at \*\*1-21. We reasoned:

> In March 2013, when Atkinson was prosecuted and found guilty of her summary offense, neither the Traffic Division nor the General Division of the Municipal Court existed. Indeed, at the time she was tried for her [vehicle code] violation, the Traffic Court had exclusive jurisdiction over summary [vehicle code] violations and Atkinson's [vehicle code] offense could not be tried in either of the other two courts – the Philadelphia Municipal Court or the Philadelphia Court of Common Pleas. In other words, there was no other court in which Atkinson's summary traffic offense could have been brought and joined with her DUI.
>
> . . .
>
> Here, the Pennsylvania Constitution and Judicial Code prohibited Atkinson's summary [vehicle code] offense from being brought and tried in any other court other than the then-extant Philadelphia Traffic Court. Thus, this case is not subject to compulsory joinder for the simple fact that the charges are incapable of being joined due to the jurisdictional exclusivity of the Traffic Court.
>
> The unintended consequence of applying section 110 to facts like those present in the instant case, where the offenses are incapable of joinder, would be to require the Commonwealth to choose between which offense to prosecute (summary or misdemeanor/felony) in a given case. This is clearly not the intended result of the compulsory joinder rule or the Supreme Court's holdings in **Johnson** or **Perfetto**. Therefore, where our state constitution and statutes in effect at the time Atkinson was

- 6 -

adjudicated prohibited the Commonwealth from bringing her summary traffic offense in any court other than the Traffic Court and, thus, made joinder of her offenses an impossibility, the compulsory joinder rule is simply not implicated. Joinder cannot be compulsory where it is unachievable.

Accordingly, we conclude that the Commonwealth properly initiated prosecution for Atkinson's summary [vehicle code] offense in the only court it could, the Traffic Court of Philadelphia, where it had no ability to join the charged offenses so that they could proceed in one prosecution. Here, where section 1302(b) required the Commonwealth to bring only summary traffic offenses in the Traffic Court and nowhere else, and where the remaining courts, the Municipal Court and Common Pleas Courts of Philadelphia, lacked jurisdiction over the summary traffic offense, it had no prosecutorial discretion to join her offenses and the failure to do so was not discretionary; thus, neither *Johnson*, *Perfetto*, nor the compulsory joinder rules apply to mandate dismissal. Our decision today does not run afoul of the Supreme Court's holding in *Perfetto*, *Johnson*, or the compulsory joinder rule, where there was a legitimate reason for separate disposition of Atkinson's offenses. Thus, the trial court properly denied Atkinson's motion to dismiss.

*Atkinson*, 2021 PA Super 208, at **15-21 (citations, footnotes, emphasis, and explanatory phrases omitted).[6]

As was true in *Atkinson*, in the case at bar Appellant pleaded guilty to his summary traffic offense in the Traffic Court of Philadelphia,[7] at a time

_____

[6] The author of this memorandum penned a dissenting opinion in *Atkinson*.

[7] As noted above, Appellant pleaded guilty to his summary traffic charge in the Traffic Court of Philadelphia on April 13, 2011. The legislature did not effectively abolish the Traffic Court of Philadelphia until June 19, 2013.

when the Traffic Court possessed exclusive jurisdiction over his traffic offense and no jurisdiction over his misdemeanor offenses. *See* 42 Pa.C.S.A. § 1302(a) and (b) (effective to June 18, 2013). The case at bar is thus controlled by our *en banc* opinion in **Atkinson**. We, therefore, paraphrase **Atkinson** and hold as to Appellant:

> [at the time Appellant pleaded guilty to his] summary offense, neither the Traffic Division nor the General Division of the Municipal Court existed. Indeed, at the time [he] was tried for [his vehicle code] violation, the Traffic Court had exclusive jurisdiction over summary [vehicle code] violations and [Appellant's vehicle code] offense could not be tried in either of the other two courts – the Philadelphia Municipal Court or the Philadelphia Court of Common Pleas. In other words, there was no other court in which [Appellant's] summary traffic offense could have been brought and joined with [his misdemeanor charges].
>
> . . .
>
> Therefore, where our state constitution and statutes in effect at the time [Appellant] was adjudicated prohibited the Commonwealth from bringing [his] summary traffic offense in any court other than the Traffic Court and, thus, made joinder of [his] offenses an impossibility, the compulsory joinder rule is simply not implicated. Joinder cannot be compulsory where it is unachievable.

*See Atkinson*, 2021 PA Super 208, at **15-16 and 19-20 (citations, footnotes, emphasis, and explanatory phrases omitted).

We therefore affirm the trial court's ruling in this case.

Order affirmed. Jurisdiction relinquished.

Judge Solano did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/5/21